■ ANDREW GREENBERG, INC., Respondent, v SIR-TECH SOFTWARE, INC., et al., Defendants, and SIR-TECH CANADA, LTD., et al., Appellants. [746 NYS2d 736] —Mercure, J.

Plaintiff, a New York corporation, created a computer game known as Wizardry. In 1981, plaintiff granted defendant Sir-Tech Software, Inc. (hereinafter Sir-Tech), another New York corporation, an exclusive license to market and manufacture Wizardry, related products and subsequent Wizardry games. The licensing agreement authorized Sir-Tech to conduct its manufacturing and marketing activities through a subsidiary or related business entities, but it was not permitted "to disclose any WIZARDRY game or WIZARDRY related product, information or source of materials to anyone, other than to * * * [plaintiff] without the prior written permission of * * * [plaintiff]." The agreement also granted plaintiff the right to inspect and audit the books and records of Sir-Tech and each entity utilized in its manufacturing and marketing activity with regard to the sale of Wizardry products.

In April 1992, plaintiff commenced the present action against Sir-Tech and its subsidiary, defendant Svane, Inc., seeking an accounting and other relief as a result of those defendants' alleged manufacture, marketing or sublicensing of Wizardry related products and Wizardry games without providing plaintiff with required information relative to those transactions or paying plaintiff the royalties provided for in the 1981 contract. In 1998, Sir-Tech closed its principal office in New York and sold its Wizardry trademark, certain of its copyright assets and its domain name registration to two Canadian corporations formed by Sir-Tech's principals during the pendency of the action.

Shortly thereafter, plaintiff sought and obtained leave of Supreme Court to join those Canadian corporations, defendant 1259190 Ontario, Inc. and defendant Sir-Tech Canada, Ltd. (hereinafter collectively referred to as defendants). On January 10, 2000, plaintiff filed a supplemental summons and second amended complaint asserting additional causes of action sounding in breach of contract, misappropriation of trade secrets and tortious interference. Service on defendants was effected in August 2000. Shortly thereafter, defendants made a preanswer motion to dismiss the complaint based on plaintiff's failure to serve defendants within the 120-day period provided for in CPLR 306-b and for lack of personal jurisdiction over them. Supreme Court denied the motion and defendants appeal.

As a threshold matter, we reject the contention that CPLR 306-b required plaintiff to serve defendants within 120 days following its filing of the supplemental summons and amended complaint. To the contrary, as correctly contended by plaintiff, because this action was commenced under the commencement-by-service system that was in existence prior to the July 1, 1992 effective date of CPLR 306-b (see L 1992, ch 216, § 27), neither the former nor the present provisions of CPLR 306-b apply (see Westnine Assoc. v West 109th St. Assoc., 247 AD2d 76; Seavey v Korte, 159 Misc 2d 407, 409-410). We nonetheless conclude that the action should have been dismissed against defendants because plaintiff's opposition to defendants' motion failed to make a prima facie showing of personal jurisdiction on any of the bases asserted before Supreme Court (see Brandt v Toraby, 273 AD2d 429).*

Notably, plaintiff's opposition to the motion consists solely of a showing that (1) defendants were incorporated in the Prov-

---

* Certain of the bases for jurisdiction presently relied upon by plaintiff, i.e., the forum selection clause of its 1981 contract with Sir-Tech and long-arm jurisdiction under CPLR 302 (a) (1), were not raised before Supreme

ince of Ontario during the pendency of the action and Sir-Tech's principals are also the principals of defendants, (2) Sir-Tech assigned its Wizardry trademark and domain name, www.sir-tech.com, to Sir-Tech Canada, (3) products licensed to or authored by defendants or either of them are marketed in New York by their licensees, TalonSoft, Inc., Take-Two Interactive Software, Inc., Interplay Entertainment or Interplay Productions, and (4) Sir-Tech Canada's Internet Web site, http://www.sir-tech.com, can be accessed by New York residents directly or through a link on Interplay's Web page, http://www.interplay.com/ wizardry. In the absence of any evidence that Sir-Tech was extinguished, plaintiff's evidentiary showing was insufficient to support its theory that defendants or either of them are a "mere continuation" of Sir-Tech (see Schumacher v Richards Shear Co., 59 NY2d 239, 245). We also conclude that neither the speculative averment of plaintiff's counsel that he "knows of no reason" for the transfer of Sir-Tech's assets to defendants other than to undermine plaintiff's ability to satisfy a judgment against Sir-Tech nor the fact that defendants failed to state the amount of fair consideration that they paid for Sir-Tech's assets is sufficient to raise a genuine factual issue as to whether defendants' purchase of Sir-Tech's assets was made with fraudulent intent.

Nor has plaintiff met its burden of demonstrating a basis for long-arm jurisdiction under CPLR 302 (a) (3) (i) or (ii), both of which require the defendant's commission of a tort without New York that causes injury within New York. Of course, the causes of action for an accounting and breach of contract do not allege any tortious conduct and, therefore, cannot utilize CPLR 302 (a) (3) as a jurisdictional predicate (see Fantis Foods v Standard Importing Co., 49 NY2d 317, 324). Further, although the causes of action sounding in misappropriation of trade secrets and tortious interference at least allege tortious conduct, there can be no question that it is defendants' failure to pay plaintiff the royalties it claims are due it under the 1981 contract that serves as the basis for plaintiff's injury claim. Under the circumstances, it is apparent that plaintiff is unable to establish the kind of direct injury within New York that the statute requires, for any injury sustained by plaintiff is sustained in this state solely because plaintiff has its corporate presence here. "It has * * * long been held that the residence or domicile of the injured party within a State is not a sufficient predicate for jurisdiction, which must be based upon a

Court and are therefore unpreserved for our consideration (see LaMarca v Pak-Mor Mfg. Co., 95 NY2d 210, 215 n 2).

more direct injury within the State and a closer expectation of consequences within the State than the indirect financial loss resulting from the fact that the injured person resides or is domiciled there * * *" (*id.* at 326 [citations omitted]; *compare LaMarca v Pak-Mor Mfg. Co.*, 95 NY2d 210, 214-215). In this case, the injury sustained by virtue of New York sales of defendants' software products is no different than that sustained by reason of sales in any other state or nation.

In addition, it is our further view that plaintiff's evidentiary showing is insufficient to demonstrate that the exercise of personal jurisdiction over defendants would comport with federal due process by showing that defendants had minimum contacts with New York such that the maintenance of a suit in this state would not offend traditional notions of fair play and substantial justice (*see LaMarca v Pak-Mor Mfg. Co., supra* at 216). Notably, substantially all of plaintiff's "evidence" of minimum contacts consists of speculative allegations contained in an attorney's affidavit, and the little competent evidence that was supplied falls far short of the requisite showing. For instance, the evidence shows that Sir-Tech Canada's Internet Web site does nothing more than advertise its products on the Internet, and it has been repeatedly held that the maintenance of such a passive Web site does not constitute commercial activity sufficient to support personal jurisdiction (*see Mink v AAAA Dev. LLC*, 190 F3d 333, 336-337; *Loudon Plastics v Brenner Tool & Die*, 74 F Supp 2d 182, 185-186; *cf. Maritz, Inc. v Cybergold, Inc.* 947 F Supp 1328, 1333-1334). Further, the evidence does not support a finding that defendants or either of them transacted business in New York through an agent. Absent a showing that defendants exercised any control over their distributors, the latter's commercial activity in New York will not be attributed to defendants (*compare Holmes v First Meridian Planning Corp.*, 155 AD2d 813, 814-815). Although it may be that further discovery would have uncovered a basis for personal jurisdiction over defendants, plaintiff sought no relief under CPLR 3211 (d) and made no showing that facts essential to justify opposition to the motion to dismiss may exist but could not be stated (*see Peterson v Spartan Indus.*, 33 NY2d 463, 466).

Plaintiff's additional contentions have been considered and found to be unavailing.

Cardona, P.J., Crew III, Spain and Rose, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied the motion of defendants 1259190 Ontario, Inc. and Sir-Tech Canada, Ltd. to dismiss

the second amended complaint; motion granted and second amended complaint dismissed against them; and, as so modified, affirmed.