ANDREW GREENBERG, INC., Respondent, v SIR-TECH SOFTWARE, INC., et al., Defendants, and SIR-TECH CANADA, LTD., et al., Appellants. [768 NYS2d 420]—

Mercure, J.P. Appeal from an order of the Supreme Court (Ledina, J.), entered April 2, 2003 in Sullivan County, which denied certain defendants' motion for summary judgment dismissing the third amended complaint against them.

On a prior appeal, this Court granted a motion by defendants 1259190 Ontario, Inc. and Sir-Tech Canada, Ltd. (hereinafter collectively referred to as defendants) to dismiss the second amended complaint in this breach of contract action (297 AD2d 834 [2002]). We concluded that plaintiff failed to make a prima facie showing of personal jurisdiction (*id.* at 836-837). While that appeal was pending before us, Supreme Court granted plaintiff's motion to amend the complaint. Following this Court's dismissal of the second amended complaint, defendants moved to dismiss the third amended complaint based on lack of personal jurisdiction. Because issue had been joined, Supreme Court treated the motion as one for summary judgment and denied it. Defendants appeal, and we now reverse.

Although an amended complaint renders moot an appeal from an order addressed to the *sufficiency* of the original pleading (*see Smith v Russell Sage Coll.*, 78 AD2d 913, 913 [1980], *affd* 54 NY2d 185 [1981]; *see also Chalasani v Neuman*, 64 NY2d 879, 880 [1985]; *Titus v Titus*, 275 AD2d 409, 409-410 [2000]), the sufficiency of the complaint is not at issue on this appeal. Moreover, the third amended complaint did not cure the jurisdictional defects set forth in this Court's prior decision. Accordingly, the filing of the third amended complaint did not render moot our decision on defendants' prior motion to dismiss (*see EDP Hosp. Computer Sys. v Bronx-Lebanon Hosp. Ctr.*, 212 AD2d 570, 571 [1995]; *Poley v Rochester Community Sav. Bank*, 140 AD2d 933, 934 [1988]; *see generally* Weinstein-Korn-Miller, NY Civ Prac ¶ 3025.07). Inasmuch as plaintiff had a full and fair opportunity to litigate the issue of personal jurisdiction during the prior appeal, our decision dismissing the second amended complaint constitutes the law of the case and defendants' motion should have been granted (*see Shawangunk Conservancy v Fink*, 305 AD2d 902, 903 [2003]; *Bennett v Nardone*, 298 AD2d 790, 790-791 [2002], *lv dismissed* 99 NY2d 579 [2003]).

Carpinello, Mugglin and Lahtinen, JJ., concur; Kane, J., not taking part. Ordered that the order is reversed, on the law, with costs, motion by defendants 1259190 Ontario, Inc. and Sir-Tech Canada, Ltd. granted, summary judgment awarded to said defendants and third amended complaint dismissed against them.