[824 NE2d 944, 791 NYS2d 504]

ANDREW GREENBERG, INC., Appellant, v SIR-TECH SOFTWARE, INC., et al., Defendants, and SIR-TECH CANADA, LTD., et al., Respondents.

Argued January 12, 2005; decided February 15, 2005

**POINTS OF COUNSEL**

*Weiss & Associates, P.C.,* New York City (*Matthew J. Weiss* of counsel), for appellant. I. The Third Department erroneously invoked the law of the case doctrine. (*Chalasani v Neuman,* 64 NY2d 879; *Penato v George,* 42 NY2d 908; *Smith v Russell Sage Coll.,* 78 AD2d 913, 54 NY2d 185; *Langer v Garay,* 30 AD2d 942; *Miglietta v Kennecott Copper Corp.,* 22 AD2d 874; *Schoenborn v Kinderhill Corp.,* 98 AD2d 831; *Reliance Natl. Ins. Co. [UK] v Sapines Intl. Corp.,* 243 AD2d 406; *St. Lawrence Explosives Corp. v Law Bros. Contr. Corp.,* 170 AD2d 957; *Halmar Distribs. v Approved Mfg. Corp.,* 49 AD2d 841; *Bennett v City of New York,* 65 AD2d 731.) II. The Canadian defendants consented to personal jurisdiction in New York by the terms of paragraph 23 of the parties' licensing agreement. (*Brooke Group v JCH Syndicate 488,* 87 NY2d 530; *Dine-A-Mate, Inc. v J.B. Noble's Rest.,* 240 AD2d 802; *L-3 Communications Corp. v Channel Tech.,* 291 AD2d 276; *International Private Satellite Partners, L.P. v Lucky Cat Ltd.,* 975 F Supp 483; *National Union Fire Ins. Co. of Pittsburgh, Pa. v Worley,* 257 AD2d 228.) III. Andrew Greenberg, Inc. was entitled to discovery regarding the Canadian defendants' nexus with New York prior to the dismissal of its third amended complaint. IV. The Due Process

Clause was not violated by asserting personal jurisdiction based upon the forum selection clause. (*Mitchell v New York Hosp.*, 61 NY2d 208; *Matter of Mallinckrodt Med. v Assessor of Town of Argyle*, 292 AD2d 721; *Burger King Corp. v Rudzewicz*, 471 US 462.) V. Personal jurisdiction existed by virtue of the parties' forum selection clause. (*Sega v State of New York*, 60 NY2d 183.) VI. Even without the forum selection clause, personal jurisdiction exists over the Canadian defendants. (*Burnett Process v Richlar Indus.*, 55 AD2d 812; *Computer Assoc. Intl., Inc. v Altai, Inc.*, 982 F2d 693; *Dine-A-Mate, Inc. v J.B. Noble's Rest.*, 240 AD2d 802; *Global Fin. Corp. v Triarc Corp.*, 93 NY2d 525; *American Network, Inc. v Access Am./Connect Atlanta, Inc.*, 975 F Supp 494; *El Cid, Ltd. v New Jersey Zinc Co.*, 444 F Supp 845; *McCrory Corp. v Cloth World, Inc.*, 378 F Supp 322; *Agency Rent A Car Sys., Inc. v Grand Rent A Car Corp.*, 98 F3d 25; *East N.Y. Sav. Bank v Republic Realty Mtge.*, 61 AD2d 1001; *Elman v Belson*, 32 AD2d 422.)

*Drew, Davidoff & Edwards Law Offices, LLP,* Monticello (*Michael Davidoff* of counsel), for respondents. I. The first decision of the Appellate Division finding no personal jurisdiction required dismissal of the third amended complaint. (*Shawangunk Conservancy v Fink*, 305 AD2d 902; *Bennett v Nardone*, 298 AD2d 790, 99 NY2d 579; *People v Evans*, 94 NY2d 499; *Matter of Mallinckrodt Med. v Assessor of Town of Argyle*, 292 AD2d 721; *Mitchell v La Barge*, 257 AD2d 834; *Smith v Russell Sage Coll.*, 78 AD2d 913, 54 NY2d 185; *Chalasani v Neuman*, 64 NY2d 879; *Langer v Garay*, 30 AD2d 942; *EDP Hosp. Computer Sys. v Bronx-Lebanon Hosp. Ctr.*, 212 AD2d 570; *Poley v Rochester Community Sav. Bank*, 140 AD2d 933.) II. The forum selection clause does not bind foreign defendants. (*Spectra Prods. v Indian Riv. Citrus Specialties*, 144 AD2d 832; *Cato Show Print. Co. v Lee*, 84 AD2d 947; *Sipa Press v Star-Telegram Operating*, 181 Misc 2d 550; *VOR Assoc. v Ontario Aircraft Sales & Leasing*, 198 AD2d 638; *Schumacher v Richards Shear Co.*, 59 NY2d 239; *L-3 Communications Corp. v Channel Tech.*, 291 AD2d 276; *International Private Satellite Partners, L.P. v Lucky Cat Ltd.*, 975 F Supp 483; *Wensing v Paris Indus.-N.Y.*, 158 AD2d 164; *Rotoli v Domtar, Inc.*, 224 AD2d 939; *Delagi v Volkswagenwerk AG. of Wolfsburg, Germany*, 29 NY2d 426, 30 NY2d 694.) III. Plaintiff's failure to file a cross appeal precludes it from raising an issue decided against it by the lower court. (*Sumitomo Mar. & Fire Ins. Co. v Cologne Reins. Co.*, 75 NY2d 295.) IV. Asserting personal jurisdiction would violate the Due Process Clause of the United States Constitution. (*Burger King*

*Corp. v Rudzewicz,* 471 US 462; *World-Wide Volkswagen Corp. v Woodson,* 444 US 286; *Darby v Compagnie Nationale Air France,* 769 F Supp 1255; *International Shoe Co. v Washington,* 326 US 310; *Bensusan Rest. Corp. v King,* 126 F3d 25; *Asahi Metal Indus. Co., Ltd. v Superior Ct. of Cal.,* 480 US 102; *LaMarca v Pak-Mor Mfg. Co.,* 266 AD2d 899, 95 NY2d 210.) V. Long-arm jurisdiction does not exist pursuant to CPLR 302 (a) (1). (*Schumacher v Richards Shear Co.,* 59 NY2d 239; *Spectra Prods. v Indian Riv. Citrus Specialties,* 144 AD2d 832; *Sipa Press v Star-Telegram Operating,* 181 Misc 2d 550; *Glassman v Catli,* 111 AD2d 744; *Beacon Enters., Inc. v Menzies,* 715 F2d 757; *McGowan v Smith,* 52 NY2d 268; *CutCo Indus., Inc. v Naughton,* 806 F2d 361; *McKee Elec. Co. v Rauland-Borg Corp.,* 20 NY2d 377; *Fort Knox Music Inc. v Baptiste,* 203 F3d 193; *Graphic Controls Corp. v Utah Med. Prods., Inc.,* 149 F3d 1382.) VI. Plaintiff is not entitled to discovery. (*Peterson v Spartan Indus.,* 33 NY2d 463.)

### OPINION OF THE COURT

ROSENBLATT, J.

This appeal concerns New York's long-arm statute (CPLR 302 [a]) and its reach over certain Canadian defendants who, asserting a purported lack of jurisdiction over them, seek dismissal of the complaint. Plaintiff Andrew Greenberg, Inc. (AGI) has alleged that in 1979 it created the name, concept and plot for a computer fantasy role-playing game known as "Wizardry." Two years later, AGI and defendant Sir-Tech Software, Inc. (Sir-Tech S.I.)—both New York corporations—entered into an agreement granting Sir-Tech S.I. or a subsidiary the right to manufacture and market Wizardry, related products and any subsequent versions of the game.

The 1981 agreement called upon Sir-Tech S.I. to pay AGI a license royalty fee and a percentage of gross sales revenues. It further provided that Sir-Tech S.I. was to copyright the Wizardry games and related products in the name of AGI. The contract also stated that its provisions were binding on the parties' successors and assigns, and that Sir-Tech S.I. would not disclose any Wizardry game or related product, information or source of materials to anyone without written permission from AGI. In addition, all decisions concerning the assignment of rights under the agreement required the consent of both parties.

The Wizardry game became successful, eventually resulting in several different versions and assorted related merchandise,

as well as sublicensing agreements. In 1991, however, Sir-Tech S.I. stopped sending royalty payments and accounting statements to AGI. AGI alleges that Sir-Tech S.I. nevertheless continued to manufacture and sell subsequent versions of the Wizardry game and related products without furnishing AGI with any accounting or payment.

In 1992, AGI sued Sir-Tech S.I. and Svane, Inc., its subsidiary, alleging that they had refused to pay royalties or account for them. After extensive discovery, AGI learned that Sir-Tech S.I. had closed its office in St. Lawrence County, dissolved the corporation and transferred its assets, the Wizardry trademarks and its domain name registration to Sirtech Canada, Ltd. and 1259190 Ontario, Inc., Canadian corporations formed by the same principals who owned Sir-Tech S.I.

After successfully joining the two Canadian corporations, AGI served its second amended complaint, seeking an accounting as a basis for a money judgment under the 1981 contract. AGI also alleged breach of contract, trade secret misappropriation and tortious interference. In essence, AGI asserted that Sir-Tech S.I. appropriated to itself the trademark registration for the Wizardry name and logo, despite AGI's co-ownership of the mark, and that the principals of Sir-Tech S.I. (Frederick Sirotek, Norman Sirotek and Robert Sirotek) reestablished themselves as Sirtech Canada and 1259190 Ontario, through which they continue to market and profit from the Wizardry product while depriving AGI of royalties or an accounting.

In a pre-answer motion, the Canadian defendants moved for dismissal of the second amended complaint pursuant to CPLR 3211 (a) (8). They asserted that the court lacked personal jurisdiction over them because AGI had not satisfied the prerequisites of New York's long-arm statute. As relevant here, CPLR 302 (a) provides that a court may exercise personal jurisdiction over a nondomiciliary who

> "1. transacts any business within the state or contracts anywhere to supply goods or services in the state; or . . .

> "3. commits a tortious act without the state causing injury to person or property within the state, except as to a cause of action for defamation of character arising from the act, if he

> "(i) regularly does or solicits business, or engages in

any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or

"(ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce . . . ."

Supreme Court concluded that AGI had satisfied section 302 (a) (1) in that Sirtech Canada had allegedly entered into licensing agreements to market and sell Wizardry and related products in New York. The court noted that AGI produced sworn evidence that Sirtech Canada's games were offered for sale in New York and had submitted an exhibit consisting of packaging which listed the games' copyright as owned by Sirtech Canada. The court further concluded that AGI adequately alleged that Sir-Tech S.I., a New York corporation, assigned or transferred to Sirtech Canada the Wizardry trademark and copyrights along with the information necessary to develop the software for the games. AGI also furnished evidence that Sirtech Canada purchased its Web site domain name (www.sir-tech.com) from a New York resident, Sir-Tech S.I. Lastly, the court concluded that AGI, by producing records for the Ontario Ministry of Consumer and Commercial Relations, satisfactorily alleged that the principals of Sirtech Canada were the same as those of Sir-Tech S.I. and therefore were aware of the obligations and restrictions contained in the 1981 contract.[1]

The Appellate Division modified and dismissed the complaint, stating that in Supreme Court, AGI did not raise CPLR 302 (a) (1) as a basis for long-arm jurisdiction and therefore did not preserve the issue (see 297 AD2d 834 [2002]). The Court went on to hold that AGI did not satisfy its burden under the tortious act provisions of CPLR 302 (a) (3) (i) and (ii).[2]

---

**1.** In determining that it had personal jurisdiction over the Canadian defendants, Supreme Court ruled that AGI had satisfied CPLR 302 (a) (1) (transacting business in New York) but not the tortious act provisions of CPLR 302 (a) (3).

**2.** While the Appellate Division was considering the validity of the second amended complaint, Supreme Court allowed AGI to interpose a third amended complaint, which the Appellate Division dismissed on the ground that its dismissal of the second amended complaint constituted the law of the case (see 2 AD3d 1042 [2003]). AGI has appealed from the Appellate Division's dismissal of the third amended complaint, which brings up for review as well that Court's dismissal of the second amended complaint.

■ ■ In resisting the defendants' motion to dismiss the second amended complaint, AGI submitted abundant evidence to Supreme Court in support of its claims under CPLR 302 (a) (1). Indeed, the court centered its decision upon a host of allegations that the Canadian defendants, as successors of the New York corporation, continued to transact business in New York. We therefore conclude that AGI preserved its CPLR 302 (a) (1) argument. Moreover, we hold that its allegations are sufficient to bring its claim within CLPR 302 (a) (1).[3] AGI's allegations, if true, would establish that the Canadian defendants reincarnated themselves as successors to their New York business, and in their Canadian corporate capacity, continued to do business in New York in violation of their contractual obligations to AGI.

Accordingly, the order of the Appellate Division should be reversed, with costs, and the complaint reinstated.

Chief Judge KAYE and Judges G.B. SMITH, CIPARICK, READ and R.S. SMITH concur; Judge GRAFFEO taking no part.

Order reversed, etc.

---

3. AGI's complaint should be reinstated because it has met the requirements of CPLR 302 (a) (1). While AGI argues compellingly that its second amended complaint may well have satisfied the dictates of CPLR 302 (a) (3) (i) and (ii), we need not reach that question, considering that New York's long-arm jurisdiction contains several bases, any one of which is sufficient to uphold the complaint (*see McGowan v Smith*, 52 NY2d 268 [1981]). Similarly, we do not address the question whether personal jurisdiction over the Canadian defendants may be based on the forum selection clause in the 1981 contract, or whether the third amended complaint (of which neither party informed the Appellate Division before that Court wrote its decision dismissing the second amended complaint) rendered moot both the second amended complaint and the Appellate Division decision dismissing it.