■ Andrew Greenberg, Inc., Respondent, v Svane, Inc., et al., Defendants, and Sirtech Canada, Ltd., et al., Appellants. [830 NYS2d 358]—

Mercure, J. Appeals (1) from an order of the Supreme Court (Ledina, J.), entered September 9, 2005 in Sullivan County, which partially denied a motion by certain defendants for summary judgment dismissing the complaints in two consolidated actions, and (2) from an order of said court, entered March 17, 2006, which, upon reargument, modified the court's prior order.

Plaintiff, the creator of a computer game known as Wizardry, and defendant Sir-Tech Software, Inc. (hereinafter Sir-Tech) entered into an agreement granting Sir-Tech the exclusive right to manufacture and market the game, subsequent versions and related products in exchange for royalty payments and a percentage of gross sales revenues. The agreement also prohibited the disclosure of the Wizardry game and related product, information or source materials without plaintiff's consent. Sir-Tech ceased sending royalty payments in 1991, prompting plaintiff to commence the first of these consolidated actions.

Following extensive discovery, plaintiff learned that Sir-Tech had been dissolved and transferred its assets and the Wizardry trademarks to defendants Sirtech Canada, Ltd. and 1259190 Ontario, Inc. (hereinafter collectively referred to as the corporate defendants), Canadian corporations formed by the principals who owned Sir-Tech, defendants Robert Sirotek, Frederick Sirotek and Norman Sirotek (hereinafter collectively

referred to as the individual defendants). Plaintiff joined the two Canadian corporations and amended its complaint to include claims for an accounting, breach of contract, trade secret misappropriation and tortious interference. In addition, plaintiff commenced the second of these actions against the individual defendants, alleging trade secret misappropriation, tortious interference and fraudulent conveyance. In the interim, Sir-Tech commenced a bankruptcy proceeding, resulting in a stay of these actions against it and its severance as a party.[1]

Following appeals on various issues to this Court and the Court of Appeals (see 2 AD3d 1042 [2003], revd 4 NY3d 185 [2005]; 297 AD2d 834 [2002]; 245 AD2d 1004 [1997]), the corporate and individual defendants moved for summary judgment dismissing the complaints. Supreme Court consolidated the two actions, and ultimately denied the corporate defendants' summary judgment motion in its entirety and granted the individual defendants' motion only to the extent of dismissing the fraudulent conveyance claim. The corporate and individual defendants (hereinafter collectively referred to as defendants) appeal and we now modify to the extent of dismissing plaintiff's cause of action against the individual defendants for tortious interference with contract.

Initially, we reject defendants' argument that all of plaintiff's claims against them were settled and released in the bankruptcy proceeding. After Sir-Tech filed for bankruptcy in 2001, a trustee determined that certain derivative claims asserted by plaintiff against defendants in these actions were actually property of the bankruptcy estate under 11 USC § 541 (a). Plaintiff, which had filed a proof of claim as an unsecured creditor, objected to the proposed agreement between Sir-Tech and defendants settling the claims identified by the trustee in exchange for $40,000, asserting that the agreement was below the lowest threshold of reasonableness. The United States Bankruptcy Court, Northern District of New York, rejected plaintiff's objections and granted the settlement motion, valuing the transferred assets that are the subject of these actions at $50,000 after plaintiff declined to offer evidence to support its claims that the value of the assets was much higher or to purchase Sir-Tech's claims related to those assets from the estate. The court noted that the settlement agreement resolved only plaintiff's derivative claims, i.e., the fraudulent conveyance cause of action, as "claims of the Debtor [Sir-Tech], leaving [plaintiff] free to pursue whatever claims it may have against

---

1. The parties have also stipulated to dismissal of the action against Svane, Inc., a subsidiary of Sir-Tech.

the defendants in the State Court Actions." Thus, the court explained, "even with the . . . approval of the settlement, [plaintiff] will still find [itself] entangled in a legal battle with the Settling Parties under the jurisdiction of state court." Nevertheless, despite the court's statements indicating that it was not settling those claims that plaintiff asserts in its own right, as opposed to its derivative claims, defendants now assert that all of plaintiff's claims were released by the court in the bankruptcy proceeding. We disagree.

A derivative claim is one in which " '[t]he remedy sought is for wrong done to the corporation; the primary cause of action belongs to the corporation; [and] recovery must enure to the benefit of the corporation. The stockholder brings the action, in behalf of others similarly situated, to vindicate the corporate rights' " (*Marx v Akers*, 88 NY2d 189, 193 [1996], quoting *Isaac v Marcus*, 258 NY 257 [1932]; *see Abrams v Donati*, 66 NY2d 951, 953 [1985]). Claims to recover corporate assets, such as those for fraudulent conveyance or diversion of assets by officers to their own enrichment are derivative claims (*see* Business Corporation Law § 720; *Abrams v Donati, supra* at 953), as are claims that turn on piercing the corporate veil or alter ego liability where the claim could be brought by any creditor of the debtor (*see In re Keene Corp.*, 164 BR 844, 852 [SD NY 1994]; *see generally St. Paul Fire & Mar. Ins. Co. v PepsiCo, Inc.*, 884 F2d 688, 701 [1989]). On the other hand, claims against third parties abetting management in defrauding a corporation accrue to the creditors rather than the corporation that initiated the misconduct, and a trustee may not bring an action on such claims (*see In re Mediators, Inc.*, 105 F3d 822, 825-827 [1997]). Similarly, where "the thrust of [a] plaintiff's [claim] is 'to vindicate his [or her] personal rights as an individual and not . . . on behalf of the corporation,' " the claim will be considered direct or individual to the creditor (*Albany-Plattsburgh United Corp. v Bell*, 307 AD2d 416, 419 [2003], *lv dismissed and denied* 1 NY3d 620 [2004]; *see generally In re Ionosphere Clubs, Inc.*, 17 F3d 600, 604-606 [1994]).

Here, consistent with the Bankruptcy Court's decision, plaintiff's remaining claims that were not dismissed by Supreme Court fall into the latter category.[2] Plaintiff asserts causes of ac-

---

**2.** As noted above, Supreme Court dismissed plaintiff's fraudulent conveyance claim against the individual defendants, reasoning that the claim sought recovery of Sir-Tech's property. The court also previously denied plaintiff's motion to amend its complaint to add a cause of action for fraudulent conveyance against the corporate defendants on the ground that such a cause of action belonged to the bankruptcy trustee.

tion for misappropriation of trade secrets and tortious interference with contract against all defendants and additional claims for breach of contract and an accounting against the corporate defendants, as assignees of its contract with Sir-Tech. Plaintiff's cause of action for tortious interference is based on its allegation that the corporate defendants (and individual defendants as principals of the corporate defendants) induced Sir-Tech to disclose confidential trade secret information belonging to plaintiff. The misappropriation, breach of contract and accounting claims turn on the assertion that defendants are using that trade secret information without plaintiff's consent, thereby damaging plaintiff. These causes of action allege a direct injury to property rights unique to plaintiff rather than the corporation or all of the creditors, and recovery of damages by the corporation would not rectify plaintiff's injury (see *Albany-Plattsburgh United Corp. v Bell, supra* at 419). Moreover, plaintiff's allegations that defendants breached their assigned contract obligations to plaintiff do not implicate Sir-Tech such that it could assert a claim on its own behalf. Similarly, because plaintiff asserts that Sir-Tech participated in the alleged misconduct of all defendants, Sir-Tech could not assert the tortious interference or misappropriation of trade secrets causes of action on its own (see *In re Mediators, Inc., supra* at 825-827; see also *Bradbury v Cope-Schwarz*, 20 AD3d 657, 659-660 [2005]). Accordingly, Supreme Court properly determined that plaintiff's remaining claims are unique to it rather than derivative claims belonging to Sir-Tech and, thus, not barred by the bankruptcy settlement.

We further reject defendants' argument that plaintiff's cause of action against the individual defendants for misappropriation of trade secrets is barred by the statute of limitations. The individual defendants allegedly disclosed the trade secrets to the corporate defendants no later than January 1998 and the complaint against those defendants was not filed until August 2001. While a trade secret misappropriation claim is normally governed by a three-year statute of limitations (see CPLR 214 [4]; *Demas v Levitsky*, 291 AD2d 653, 658 [2002], *appeal dismissed* 98 NY2d 728 [2002]), defendants concede that a continuing tort theory may apply to such a claim where the plaintiff alleges that a defendant has kept a secret confidential but continued to use it for commercial advantage (see *Architectronics, Inc. v Control Sys., Inc.*, 935 F Supp 425, 433 [SD NY 1996]). Inasmuch as plaintiff adequately alleged that defendants continued to use the trade secrets and develop software for the games (see 4 NY3d 185, 190 [2005], *supra*), establishing, if the allegations prove to be true, the existence of a continuing tort

(*see Architectronics, Inc. v Control Sys., Inc., supra* at 433; *cf. Demas v Levitsky, supra* at 659), Supreme Court properly refused to dismiss that cause of action as time-barred.

We agree with defendants, however, that plaintiff's claim against the individual defendants for tortious interference with contract is time-barred. Such a claim is also governed by a three-year statute of limitations but is not a continuing tort (*see* CPLR 214 [4]; *Spinap Corp. v Cafagno*, 302 AD2d 588, 588 [2003]; *American Fed. Group v Edelman*, 282 AD2d 279, 279 [2001]). Although "the claim is not enforceable until damages are sustained" and that point, "rather than the wrongful act of defendant or discovery of the injury by plaintiff, is the relevant date for marking accrual," the date of injury must be determined from the factual allegations set forth in the complaint (*Kronos, Inc. v AVX Corp.*, 81 NY2d 90, 94, 96-97 [1993]). Here, despite plaintiff's current claim that it was not injured by defendants' tortious interference until November 2001—approximately three months after the complaint was filed—the allegations in the complaint, along with those asserted by plaintiff in opposition to the corporate defendants' motion to dismiss for lack of personal jurisdiction (*see* 4 NY3d 185, 190 [2005]), necessarily imply that plaintiff was damaged by the tortious interference beginning in January 1998. Thus, plaintiff's cause of action for tortious interference against the individual defendants is barred by the statute of limitations and must be dismissed.

Defendants' remaining arguments have been considered and found to be lacking in merit.

Cardona, P.J., Crew III, Mugglin and Lahtinen, JJ., concur. Ordered that the order entered March 17, 2006 is modified, on the law, without costs, by reversing so much thereof as denied the motion by defendants Robert Sirotek, Frederick Sirotek and Norman Sirotek for summary judgment dismissing the cause of action for tortious interference with contract against them; motion granted to that extent and said cause of action dismissed against said defendants; and, as so modified, affirmed. Ordered that the appeal from the order entered September 9, 2005 is dismissed, as academic, without costs.