JACOB A. PERKOW, Plaintiff, v FRANK W. WINNE & SONS, INC., et al., Appellants, and JAFFERJEE BROTHERS EXPORTS (PVT), LTD., Respondent. [828 NYS2d 687]—

Rose, J. Appeal from an order of the Supreme Court (Lebous, J.), entered February 22, 2006 in Broome County, which granted motions by defendant Jafferjee Brothers Exports (PVT), Ltd. to dismiss the claims against it.

Plaintiff was injured while at work in the City of Binghamton, Broome County, when a bungee cord broke and hit him in the eye. He then commenced this action against defendant New-Pak, Inc., a New Jersey corporation that sold the cord to his employer, and defendant Frank W. Winne & Sons, Inc., a Pennsylvania corporation that imported and distributed the cord. Because plaintiff did not serve process on Jafferjee Brothers Exports (PVT), Ltd., the Sri Lankan manufacturer of the cord, New-Pak and Winne brought claims against Jafferjee for indemnification and contribution. When Jafferjee moved to dismiss these claims against it on the basis of, among other

things, a lack of personal jurisdiction, Supreme Court found that its activities in the United States conferred both jurisdiction under CPLR 302 (a) (3) (ii) and the minimum contacts with New York necessary to satisfy due process. Nonetheless, the court concluded that the exercise of jurisdiction would offend traditional notions of fair play and substantial justice. Winne and New Pak appeal only this conclusion.

The question of whether the exercise of jurisdiction would comport with traditional notions of fair play and substantial justice "is in essence another way of asking what is reasonable" (*LaMarca v Pak-Mor Mfg. Co.*, 95 NY2d 210, 217 [2000]) and, once minimum contacts are established, the party resisting jurisdiction " 'must present a compelling case that . . . some other considerations would render jurisdiction unreasonable' " (*id.* at 217-218, quoting *Burger King Corp. v Rudzewicz*, 471 US 462, 477 [1985]). In this analysis, the relevant factors are the burden that the exercise of jurisdiction will impose on the defendant, the plaintiff's interest in obtaining relief, the interest of the forum state in asserting jurisdiction in relation to the potential interests of other states, and the shared interest of the several states in furthering their substantive social and economic policies and obtaining the most efficient resolution of controversies (*see Asahi Metal Industry Co. v Superior Court of Cal., Solano Cty.*, 480 US 102, 113-114 [1987]; *LaMarca v Pak-Mor Mfg. Co., supra* at 218).

Here, Supreme Court found that Jafferjee would be burdened by having to produce witnesses in New York, the interests of the injured plaintiff were slight because he had not served Jafferjee, and the interests of New York in affording a forum to Winne and New Pak were weak because they are foreign corporations. We cannot agree. As in *Kernan v Kurz-Hastings, Inc.* (175 F3d 236 [2d Cir 1999]), it appears that Jafferjee, although located far from the United States, would be subject to the jurisdiction of the Pennsylvania courts and, thus, the burden on it in litigating in New York was not shown to be any greater than in Pennsylvania (*see id.* at 244). Also, the interests of Winne and New-Pak are strong because, if their causes of action are dismissed, they would have to commence separate actions in Pennsylvania to assert their claims against Jafferjee (*see id.* at 244-245). While New York may have little interest in affording a forum to nonresidents, it has an important stake in according full relief to those who must litigate here and in the shared interests of the several states in seeking the most efficient resolution of legal controversies. Clearly, it would be inefficient to conduct separate trials in New York and Pennsylvania (*see id.* at

245). Thus, the exercise of jurisdiction over Jafferjee will not offend the notions of fair play and substantial justice. We have also considered Jafferjee's contention that forum non conveniens is applicable here and, for similar reasons, find it to be without merit.

Cardona, P.J., Peters, Carpinello and Kane, JJ., concur. Ordered that the order is reversed, on the law, with costs, and motions denied.