■ ANDREW GREENBERG, INC., Respondent, v SIRTECH CANADA, LTD., et al., Defendants, and FREDERICK SIROTEK, Appellant. [913 NYS2d 808]—

Mercure, J. Appeal from an order of the Supreme Court (Ledina, J.), entered January 21, 2010 in Sullivan County, which denied defendant Frederick Sirotek's motion for summary judgment dismissing the complaint against him.

The underlying facts are more fully set forth in the various prior decisions of this Court and the Court of Appeals in these two consolidated actions for breach of contract, an accounting, trade secret misappropriation and tortious interference (*see Andrew Greenberg, Inc. v Svane, Inc.*, 36 AD3d 1094 [2007]; *Andrew Greenberg, Inc. v Sir-Tech Software*, 2 AD3d 1042 [2003], *revd* 4 NY3d 185 [2005]; *Andrew Greenberg, Inc. v Sir-Tech Software*, 297 AD2d 834 [2002]; *Andrew Greenberg, Inc. v Sir-Tech Software*, 245 AD2d 1004 [1997]). This appeal involves the denial of a motion by defendant Frederick Sirotek (hereinafter Sirotek) for summary judgment dismissing the sole remaining claim against him—sounding in trade secret misappropriation—on the ground that Supreme Court lacks personal jurisdiction over him.

As relevant here, plaintiff entered into a 1981 agreement with Sir-Tech Software, Inc. granting Sir-Tech the exclusive right to manufacture and market a computer game created by plaintiff and known as "Wizardry." The agreement, which was signed by

Sirotek as president of Sir-Tech, also prohibited the disclosure of any Wizardry product information without plaintiff's consent. Plaintiff commenced the first of these actions in 1992, after Sir-Tech ceased paying it royalties under the agreement, and subsequently added two Canadian successor corporations as defendants after discovering that Sir-Tech had transferred its assets to those corporations in 1998. In 2001, plaintiff commenced the second of these actions against the principals and officers of the corporate defendants—namely, Sirotek and his two sons, defendants Robert Sirotek and Norman Sirotek—alleging that they had disclosed trade secrets to the Canadian successor corporations.

Following joinder of issue, Sirotek's original 2003 motion to dismiss the complaint against him for lack of personal jurisdiction was continued by Supreme Court, pending additional discovery. Extensive motion practice, discovery and several appeals ensued, resulting in a decision by the Court of Appeals holding that the motion of the Canadian corporate defendants to dismiss for lack of personal jurisdiction must be denied under CPLR 302 (a) (1) (*Andrew Greenberg, Inc. v Sir-Tech Software,* 4 NY3d at 191). In addition, this Court rejected the individual defendants' assertion that plaintiff's claim for trade secret misappropriation was either settled and released pursuant to a settlement agreement entered in the chapter 11 bankruptcy proceeding of Sir-Tech, or barred by the statute of limitations (*Andrew Greenberg, Inc. v Svane, Inc.,* 36 AD3d at 1096-1098). In 2009, Sirotek, who lives in Canada, sought summary judgment dismissing the remaining trade secret misappropriation claim on the ground that Supreme Court lacks personal jurisdiction over him. Supreme Court denied the motion, prompting this appeal.

We affirm. In determining whether the New York courts have personal jurisdiction over a non-domiciliary, such as Sirotek, a two-part analysis must be employed. First, it must be "determine[d] whether our long-arm statute (CPLR 302) confers jurisdiction over [him] in light of [his] contacts with this State" (*LaMarca v Pak-Mor Mfg. Co.,* 95 NY2d 210, 214 [2000]). If so, it must then be "determine[d] whether the exercise of jurisdiction comports with due process" (*id.* at 214). We are mindful that CPLR 302 " 'does not confer jurisdiction in every case where it is constitutionally permissible' " (*Ehrenfeld v Bin Mahfouz,* 9 NY3d 501, 512 [2007], quoting *Kreutter v McFadden Oil Corp.,* 71 NY2d 460, 471 [1988]), and the ultimate burden is upon plaintiff, as the party seeking to assert jurisdiction, to show that a proper basis for long-arm jurisdiction exists (*see*

*SPCA of Upstate N.Y., Inc. v American Working Collie Assn.*, 74 AD3d 1464, 1465 [2010]; *Stardust Dance Prods., Ltd. v Cruise Groups Intl., Inc.*, 63 AD3d 1262, 1264 [2009]).

As relevant here, long-arm jurisdiction under CPLR 302 (a) (1) for tort and contract claims may be predicated on a showing that "(i) a defendant transacted business within the state and (ii) the cause of action arose from that transaction of business" (*Johnson v Ward*, 4 NY3d 516, 519 [2005]; *accord SPCA of Upstate N.Y., Inc. v American Working Collie Assn.*, 74 AD3d at 1465). The Court of Appeals has held that "[t]he overriding criterion necessary to establish a transaction of business is some act by which the defendant purposefully avails itself of the privilege of conducting activities within [New York]" and thereby "invok[es] the benefits and protections of [our] laws" (*Ehrenfeld v Bin Mahfouz*, 9 NY3d at 508 [internal quotation marks and citations omitted]). Furthermore, there must be a "substantial relationship" between defendant's purposeful activities and the cause of action asserted (*Kreutter v McFadden Oil Corp.*, 71 NY2d at 467). Once the plaintiff establishes purposeful activities in the state that bear a substantial relationship to the claim asserted, "CPLR 302 (a) (1) jurisdiction is proper even [if] the defendant never enters New York" (*Fischbarg v Doucet*, 9 NY3d 375, 380 [2007] [internal quotation marks omitted]).

Here, Sirotek acknowledges that he signed the 1981 agreement in his capacity as president of Sir-Tech, which was a New York corporation, and that he remained president during much of the 1980s. He argues, however, that there is no substantial relationship between his conduct in New York and plaintiff's remaining claim inasmuch as he retired from Sir-Tech in 1989, moved to Canada shortly thereafter, and—he avers—had no knowledge of the 1998 sale of Sir-Tech's assets to the defendant Canadian successor corporations. While this evidence established Sirotek's prima facie entitlement to summary judgment, we conclude that plaintiff raised triable issues of fact in opposition, warranting the denial of Sirotek's motion.

Plaintiff presented evidence that Sirotek remained on the board of directors of Sir-Tech until 1997. In 1996, Sirotek gave deposition testimony in the first of these actions stating that it was his own "mistake" that plaintiff was "overpaid" pursuant to the 1981 agreement and that plaintiff, whose principal he characterized as "greedy," was not entitled to additional royalties. Sirotek's son Robert indicated that an independent marketing firm spent "a number of years" prior to the 1998 sale—i.e., while Sirotek remained on the board of directors—seeking a buyer for Sir-Tech's assets, which it sold to raise money for its

defense in the first action. In December 1997, the successor Canadian corporation, defendant Ontario 1259190, was formed, with Sirotek as a shareholder and sole director and his son Norman as president. Norman testified that the closely-held corporation was formed solely for the purpose of acquiring Sir-Tech's assets. Once Ontario 1259190 purchased those assets in January 1998, it licensed them one month later to another closely-held successor Canadian corporation, defendant Sirtech Canada, which maintained an office in the City of Ogdensburg, St. Lawrence County. Sirotek was the president and sole director of Sirtech Canada when it was formed in 1994 and evidently remained president in 2002, when he signed the settlement agreement in Sir-Tech's chapter 11 bankruptcy proceeding on behalf of himself individually and on behalf of Sirtech Canada.*

In our view, this evidence—particularly in light of the closely-held nature of the corporations involved—gives rise to questions of fact regarding whether Sirotek transacted business in the state that was substantially related to plaintiff's cause of action (*see Kreutter v McFadden Oil Corp.*, 71 NY2d at 470-471; *Longines-Wittnauer Watch Co. v Barnes & Reinecke*, 15 NY2d 443, 466-467 [1965], *cert denied sub nom. Estwing Mfg. Co., Inc. v Singer*, 382 US 905 [1965]; *Stardust Dance Prods., Ltd. v Cruise Groups Intl., Inc.*, 63 AD3d at 1265; *Otterbourg, Steindler, Houston & Rosen v Shreve City Apts.*, 147 AD2d 327, 331-332 [1989]; *see also Sybron Corp. v Wetzel*, 46 NY2d 197, 203-204 [1978]; *see generally W. Joseph McPhillips, Inc. v Ellis*, 278 AD2d 682, 684 [2000]; *Key Bank of N.Y. v Grossi*, 227 AD2d 841, 843 [1996]). We further reject Sirotek's argument that the exercise of personal jurisdiction over him by the New York courts would offend due process. "[A] State may constitutionally exercise jurisdiction over non-domiciliary defendants, provided they ha[ve] certain minimum contacts with [the forum State] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice" (*LaMarca v Pak-Mor Mfg. Co.*, 95 NY2d at 216 [internal quotation marks and citations omitted]). In addition to the evidence of Sirotek's purposeful activity in New York detailed above, we note that he both voluntarily participated in the federal bankruptcy proceeding to resolve a state law claim raised by plaintiff in this action

---

* The 2002 settlement agreement resolved Sir-Tech's claims against Sirotek, his sons, Ontario 1259190 and Sirtech Canada for fraudulent conveyance. A trustee determined that the fraudulent conveyance claim, which was initially asserted by plaintiff in the first action, was the property of the bankruptcy estate (*Andrew Greenberg, Inc. v Svane, Inc.*, 36 AD3d at 1096). Sirtech Canada continued to market Wizardry products in New York (*see Andrew Greenberg, Inc. v Sir-Tech Software*, 4 NY3d at 190).

and attempted to rely upon that settlement, which he signed, to obtain dismissal of plaintiff's remaining claims against him in this action (*see Andrew Greenberg, Inc. v Svane, Inc.*, 36 AD3d at 1096-1098). "Use of the New York courts is a traditional justification for the exercise of personal jurisdiction over a non-resident" (*Matter of Sayeh R.*, 91 NY2d 306, 319 [1997] [citations omitted]; *see Lynch v Austin*, 96 AD2d 196, 199 [1983]) and, under the circumstances, the exercise of jurisdiction over Sirotek comports with due process (*see Fischbarg v Doucet*, 9 NY3d at 384-385; *LaMarca v Pak-Mor Mfg. Co.*, 95 NY2d at 217-219; *Perkow v Frank W. Winne & Sons, Inc.*, 36 AD3d 1189, 1190-1191 [2007]).

Sirotek's remaining arguments are either rendered academic or, upon consideration, have been found to be lacking in merit.

Cardona, P.J., Lahtinen, Stein and Garry, JJ., concur. Ordered that the order is affirmed, with costs.