CDx Labs., Inc. v Zila, Inc. (2018 NY Slip Op 04692)





CDx Labs., Inc. v Zila, Inc.


2018 NY Slip Op 04692


Decided on June 27, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 27, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
JEFFREY A. COHEN
ROBERT J. MILLER
JOSEPH J. MALTESE, JJ.


2015-06163
 (Index No. 30655/13)

[*1]CDx Laboratories, Inc., et al., appellants, 
v
Zila, Inc., et al., respondents.


Ellenoff Grossman & Schole, LLP, New York, NY (James K. Landau, John B. Horgan, and Frank Spano of counsel), for appellants.
Proskauer Rose, LLP, New York, NY (Jordan B. Leader, Alyse F. Stach, and Kevin Perra of counsel), for respondent Henry Schein, Inc.



DECISION & ORDER
In an action to recover damages for misappropriation of trade secrets, unfair competition, and tortious interference with business relations, the plaintiffs appeal from an order of the Supreme Court, Rockland County (Victor J. Alfieri, Jr., J.), dated May 21, 2015. The order, insofar as appealed from, granted that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against the defendant Henry Schein, Inc., as time-barred.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff CDx Laboratories, Inc. (hereinafter CDx), is the manufacturer of "OralCDx," a product used by dentists and other medical professionals for the detection of abnormal oral tissue. The defendant Zila, Inc. (hereinafter Zila), is the manufacturer of a line of "ViziLite" products, including ViziLite and ViziLite Plus. OralCDx and ViziLite are competing products in the oral cancer screening market. In 2002, CDx entered into a distribution agreement with the defendant Henry Schein, Inc. (hereinafter Schein), a distributor of dental and other health care products for medical professionals, granting Schein the exclusive right to promote and distribute OralCDx. To facilitate Schein's sales of OralCDx pursuant to that agreement, CDx provided Schein with a list of its OralCDx customers (hereinafter the OralCDx customer list).
On February 1, 2013, CDx and a parent company, the plaintiff Oral Cancer Prevention International, Inc. (hereinafter OCPI) (hereinafter together the plaintiffs), commenced [*2]this action against Schein and Zila to recover damages for misappropriation of trade secrets, unfair competition, and tortious interference with business relations. The complaint alleged that, beginning in or around 2002, Schein had provided Zila with portions of the OralCDx customer list in an effort to induce Zila to enter into a distribution agreement with Schein for Vizilite, and that Zila had wrongfully used the OralCDx customer list to "poach" CDx customers and increase Zilas' sales of ViziLite. Following the plaintiffs' filing of a note of issue, Schein and Zila jointly moved for summary judgment dismissing the complaint as time-barred. The plaintiffs opposed the motion, arguing that an exception to the statute of limitations applied. By order dated May 21, 2015, the Supreme Court granted the motion for summary judgment. The plaintiffs appeal from so much of the order as granted that branch of the motion which was for summary judgment dismissing the complaint insofar as asserted against Schein.
We agree with the Supreme Court's granting of that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against Schein as time-barred. The defendants met their prima facie burden of demonstrating that the action was time-barred insofar as asserted against Schein. Causes of action for misappropriation of trade secrets, tortious interference, and unfair competition are injuries to property, and are governed by a three-year statute of limitations (see CPLR 214[4]; IDT Corp. v Morgan Stanley Dean Witter & Co., 12 NY3d 132, 140; Andrew Greenberg, Inc. v Svane, Inc., 36 AD3d 1094, 1098; Demas v Levitsky, 291 AD2d 653; Opals on Ice Lingerie v BodyLines, Inc., 425 F Supp 2d 286, 296 [ED NY]). Here, the action was commenced on February 1, 2013. Thus, to be timely, the plaintiffs' causes of action against Schein must have accrued on or after February 2, 2010 (see CPLR 214[4]; Hahn Automotive Warehouse, Inc. v American Zurich Ins. Co., 18 NY3d 765). Each of the causes of action against Schein accrued prior to February 2, 2010. The plaintiffs alleged in the complaint that Schein provided Zila with portions of the OralCDx customer list beginning in 2002, that Zila exploited that list between 2002 and 2006, and that, as a result of Schein's conduct, sales of OralCDx dropped by 60% between 2002 and 2007. Despite the plaintiffs' knowledge of injury as early as 2008, and as late as 2009, the plaintiffs failed to commence this action until February 1, 2013, rendering the action time-barred insofar as asserted against Schein (see CPLR 214[4]; IDT Corp. v Morgan Stanley Dean Witter & Co., 12 NY3d at 141; City Store Gates Mfg. Corp. v Empire Rolling Steel Gates Corp., 113 AD3d 718, 719; Thome v Alexander & Louisa Calder Found., 70 AD3d 88, 108).
In opposition, the plaintiffs failed to raise a triable issue of fact as to whether the statute of limitations was tolled or otherwise inapplicable (see Shah v Exxis, Inc., 138 AD3d 970). The date of accrual for trade secret misappropriation causes of action may be extended under the continuing tort doctrine "where the plaintiff alleges that a defendant has kept a secret confidential but continued to use it for commercial advantage" (Andrew Greenberg, Inc. v Svane, Inc., 36 AD3d at 1098). In that scenario, "each successive use constitutes a new actionable tort for purposes of the [s]tatute of [l]imitations" (Architectronics, Inc. v Control Systems, Inc., 935 F Supp 425 [SD NY]). Here, the plaintiffs' evidence failed to establish that Schein disclosed portions of a new or updated OralCDx customer list to Zila between February 2, 2010, and February 1, 2013. Consequently, the doctrine is not applicable (see Demas v Levitsky, 291 AD2d at 659).
The plaintiffs' remaining contentions either are without merit or need not be reached in light of our determination.
LEVENTHAL, J.P., COHEN, MILLER and MALTESE, JJ., concur.

2015-06163 DECISION & ORDER ON MOTION
CDx Laboratories, Inc., et al., appellants, v Zila, Inc.,
defendant, Henry Schein, Inc., respondent.
(Index No. 30655/13)

Motion by the respondent on an appeal from an order of the Supreme Court, Rockland County, dated May 21, 2015, inter alia, to strike stated portions of the appellants' reply brief on the ground that it raises issues not raised in the appellants' main brief. By decision and order on motion of this Court dated November 24, 2017, that branch of the motion which was to strike stated portions of the appellants' reply brief was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the argument of the appeal, it is
ORDERED that the branch of the motion which is to strike stated portions of the appellants' reply brief is denied.
LEVENTHAL, J.P., COHEN, MILLER and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court