23-433-cv
Red Mountain Medical Holdings, Inc. v. Brill

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of March, two thousand twenty-four.

PRESENT: GUIDO CALABRESI,
RAYMOND J. LOHIER, JR.,
SARAH A. L. MERRIAM,
*Circuit Judges.*

------------------------------------------------------------------

RED MOUNTAIN MEDICAL HOLDINGS, INC.,
FKA CDX DIAGNOSTICS, INC.,

*Plaintiff-Appellant*,

v.                                                     No. 23-433-cv

JOEL V. BRILL, M.D., PREDICTIVE HEALTH, LLC,

*Defendants-Appellees*,

NATIONAL HEALTH ADVISORS, LLC, EBG ADVISORS, INC.,

*Defendants.*

---------------------------------------------------------------------

FOR APPELLANT: Jeffrey M. Eilender, Schlam Stone & Dolan LLP, New York, NY

FOR APPELLEES: Christopher A. DeGennaro, Samuel J. Fishman, Foley & Lardner LLP, New York, NY

Appeal from a judgment of the United States District Court for the Southern District of New York (Naomi Reice Buchwald, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Plaintiff-Appellant Red Mountain Medical Holdings, Inc. appeals from a judgment of the United States District Court for the Southern District of New York (Buchwald, *J.*) dismissing its tortious interference claims and granting summary judgment on its fraud claim in favor of Defendants-Appellees Joel Brill and Predictive Health, LLC. We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

In connection with potential financing for Red Mountain's development of a novel gastrointestinal endoscopy technology, two private equity firms,

2

Kohlberg Kravis Roberts & Co., L.P. ("KKR") and Accelmed Partners, independently engaged Brill (and his consulting company, Predictive Health, LLC) to conduct due diligence on Red Mountain's billing practices. Red Mountain claims that Brill raised baseless concerns about Red Mountain's billing practices in order to sabotage the financing deal to give Red Mountain's competitors, for whom Brill had also consulted, a financial advantage.

We review *de novo* both the District Court's dismissal of Red Mountain's tortious interference with contract and tortious interference with prospective business advantage claims under New York law, *see City of Providence v. BATS Glob. Mkts., Inc.*, 878 F.3d 36, 48 (2d Cir. 2017), and its grant of summary judgment on Red Mountain's fraud claim, *see Noll v. IBM Corp.*, 787 F.3d 89, 93 (2d Cir. 2015).

I.     **Tortious Interference Claims**

The statute of limitations for Red Mountain's tortious interference claims in New York is three years from the date of injury. *See Kronos, Inc. v. AVX Corp.*, 81 N.Y.2d 90, 92 (1993); *Ullmannglass v. Oneida, Ltd.*, 927 N.Y.S.2d 702, 704 (3d

Dep't 2011).[1]

Red Mountain's tortious interference claims were barred by the three-year statute of limitations because Red Mountain filed suit on December 13, 2019, and it sustained its injury on the KKR deal no later than November 30, 2016.[2]   Red Mountain nonetheless insists that it was not injured until July 7, 2017, when it accepted a less lucrative deal from another private equity firm.   We are not persuaded.   The complaint alleges that Red Mountain and KKR executed a term sheet on May 18, 2015, which set out the contemplated financing arrangement.   *See* Joint App'x 24–25.   The term sheet included an exclusivity provision that "prevented Red Mountain from pursuing other deals."   Joint App'x 28.   Red Mountain's injury arose, at the latest, when its financing deal with KKR was substantially delayed.   According to the complaint, that occurred no later than

---

[1] Under New York law, there is no discovery rule and tortious interference is not a continuing tort.   *See Andrew Greenberg, Inc. v. Svane, Inc.*, 830 N.Y.S.2d 358, 362–63 (3d Dep't 2007).

[2] The First Amended Complaint alleged tortious interference claims against Brill for allegedly sabotaging *both* the KKR *and* the Accelmed financing deals.   However, Red Mountain does not address any alleged interference with the Accelmed deal in its appellate briefs.   Accordingly, Red Mountain has abandoned any challenge to the District Court's ruling that the tortious interference claims related to the Accelmed deal were barred by the statute of limitations.   *See JP Morgan Chase Bank v. Altos Hornos de Mexico, S.A. de C.V.*, 412 F.3d 418, 428 (2d Cir. 2005).

November 30, 2016, the date when Red Mountain received a less favorable draft term sheet from Accelmed. *See* Joint App'x 32–33. The inferior deal that Red Mountain eventually accepted from another firm in July 2017 merely provides a measure of its damages; it does not signify the date that Red Mountain was first injured. Accordingly, we affirm the District Court's dismissal of Red Mountain's tortious interference claims.

## II. Fraud Claim

Under New York law, a plaintiff cannot claim fraud arising from a misrepresentation made to a third party unless the defendant made the misrepresentation "with the intent that it be communicated to the plaintiff and that the plaintiff rely on it," *Pasternack v. Lab'y Corp. of Am. Holdings*, 27 N.Y.3d 817, 828 (2016), and the third party acted merely "as a scrivener by transcribing and distributing [the] defendant's [mis]representation[] without filtering or modification," *Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*, 13 F.4th 247, 260 (2d Cir. 2021). Red Mountain claims that Brill made two misrepresentations. First, by signing his engagement agreement, Brill represented to KKR that he was not subject to "a conflict of interest in respect of [his] services for KKR." Joint App'x 465. And second, Brill orally represented to a KKR principal, Ali Satvat,

5

that he was able to provide unbiased advice to KKR.

We agree with the District Court that Red Mountain failed to adduce any admissible evidence that Brill, in signing the KKR engagement agreement, made any representations with the intent either that they be communicated to Red Mountain or that Red Mountain rely on them. Red Mountain asserts that it "strains credulity" to suggest that Brill did not know that KKR would seek confirmation from Red Mountain before Red Mountain allowed Brill to participate in due diligence. Appellant's Br. 47. But Red Mountain was not a party to the engagement agreement and could neither consent to nor veto KKR's choice of consultant. Nor do we see any evidence that Satvat or any other KKR representative acted as a mere "scrivener" in connection with the engagement agreement or any later statement by Brill to KKR, as New York law requires. *See* Joint App'x 213, 217. We accordingly agree with the District Court that Red Mountain has failed to raise a dispute of material fact on its fraud claim.

We have considered Red Mountain's remaining arguments and conclude that they are without merit.   For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court