■ Luc D. Allen et al., Respondents, v Marais, S.A., Appellant. [762 NYS2d 188] —Carpinello, J. Appeal from an order of the Supreme Court (Demarest, J.), entered September 6, 2002 in Franklin County, which denied defendant's motion to dismiss the complaint.

On August 25, 1999, plaintiff Luc D. Allen (hereinafter plaintiff) sustained severe facial injuries while repairing a heavy trenching machine at a job site in Warren County when the gear housing arm of the machine crushed his head. The machine was manufactured by defendant, a foreign corporation with its principal office in France. After the accident, plaintiff and his wife, derivatively, commenced this action based on theories of negligence, failure to warn, strict products liability and breach of warranty. Prior to serving an answer, defendant moved to dismiss the complaint for lack of personal jurisdiction (*see* CPLR 3211 [a] [8]) and based upon forum non conveniens (*see* CPLR 327). Supreme Court denied the motion, resulting in this appeal.

Initially, defendant contends that because it is a foreign corporation with virtually no New York contacts, there is no basis for acquiring personal jurisdiction over it under the long-arm statute (*see* CPLR 302). The statute provides, in relevant part, that:

"(a) * * * a court may exercise personal jurisdiction over any non-domiciliary * * * who * * *:

(3) commits a tortious act without the state causing injury to person or property within the state, * * *, if he (i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state" (CPLR 302 [a] [3] [i]).

For purposes of the statute, a nondomiciliary includes a foreign corporation (*see Simonson v International Bank*, 14 NY2d 281, 288 [1964]).

Here, plaintiffs clearly alleged tortious conduct occurring outside the state causing injury within. Specifically, they claim that defendant negligently designed and manufactured the trenching machine, failed to provide operating and user manu-

als, introduced an unsafe product into the stream of commerce and breached both express and implied warranties. Plaintiff averred that, during his employment, he was trained to use the equipment by defendant's technicians and that defendant's employees frequently came from France to upstate New York to repair the machinery, provide training and supervise the trench operators. He further stated that a representative of defendant was often present at safety meetings. He also indicated that one of defendant's principals periodically flew from France to upstate New York to inspect the job sites and equipment and determine if there were any operational problems. Moreover, defendant's promotional materials reveal that defendant marketed its trenching equipment through a New York distributor. While the complete extent of the revenue received by defendant from the use of its equipment in New York is not evident from the record, it clearly appears that defendant engaged in a persistent course of business conduct in this state sufficient to bring it within the scope of CPLR 302 (a) (3) (i).

Furthermore, exercising jurisdiction over defendant in this instance does not, in our view, violate federal due process standards. The foregoing illustrates that defendant purposefully availed itself of conducting activities in New York and, therefore, had sufficient minimum contacts such that "it 'should reasonably anticipate being haled into court there' " (*LaMarca v Pak-Mor Mfg. Co.*, 95 NY2d 210, 216 [2000], quoting *World-Wide Volkswagen Corp. v Woodson*, 444 US 286, 297 [1980]). Moreover, under the circumstances presented, we do not find that subjecting defendant to suit in New York offends "traditional notions of ' "fair play and substantial justice" ' " (*LaMarca v Pak-Mor Mfg. Co., supra* at 217, quoting *Burger King Corp. v Rudzewicz*, 471 US 462, 476 [1985], quoting *International Shoe Co. v State of Washington*, 326 US 310, 320 [1945]).

In addition, dismissal of the action was not required under the doctrine of forum non conveniens. That doctrine "permits a court to dismiss an action when, although it may have jurisdiction over a claim, the court determines that 'in the interest of substantial justice the action should be heard in another forum' " (*National Bank & Trust Co. of N. Am. v Banco De Vizcaya*, 72 NY2d 1005, 1007 [1988], *cert denied* 489 NY2d 1067 [1989], quoting CPLR 327). "It is a discretionary determination which involves a balancing of many factors including, *inter alia*, the potential hardship to the defendant, the availability of an alternative forum, the residency of the parties and the jurisdiction in which the cause of action arose" (*3H Enters. v Bennett*, 276 AD2d 965, 966 [2000], *lv denied* 96 NY2d 710

[2001] [citations omitted]). Here, many of the witnesses who would be called to testify at trial are located in upstate New York. Plaintiffs also reside in upstate New York and, given plaintiff's disabilities, which include total blindness, he would have difficulty traveling to France to pursue the claim. Defendant, on the other hand, has previously engaged in the practice of sending its employees to the United States for various business purposes. In view of this, we cannot conclude that Supreme Court abused its discretion in denying defendant's motion.

Crew III, J.P., Spain, Mugglin and Kane, JJ., concur. Ordered that the order is affirmed, with costs.