## State of New York
## Supreme Court, Appellate Division
## Third Judicial Department

Decided and Entered:  July 10, 2014                    518075
_____

ROBERT W. DARROW et al.,
                    Respondents,

        v
                                            MEMORANDUM AND ORDER
HETRONIC DEUTSCHLAND et al.,
                    Appellants,
                    et al.,
                    Defendants.
_____

Calendar Date:  June 4, 2014

Before:  Peters, P.J., Stein, Rose and Egan Jr., JJ.

_____

        Wilson Elser Moskowitz Edelman & Dicker, LLP, New York City
(Patrick J. Lawless of counsel), for appellants.

        Martin, Harding & Mazzotti, LLP, Niskayuna (Craig A.
Cushing of counsel), for respondents.

_____

Stein, J.

        Appeal from an order of the Supreme Court (Krogmann, J.),
entered May 17, 2013 in Washington County, which denied a motion
by defendant Hetronic Deutschland to dismiss the complaint
against it.

        Defendant Hetronic Deutschland (hereinafter defendant) is a
limited liability company registered in Germany that specializes
in the manufacture of radio remote controls.  During the relevant
time period, Hetronic USA, Inc. (hereinafter H-USA) was the

exclusive distributor for defendant in the United States.[1]  In March 2008, plaintiff Robert W. Darrow was operating a boom with a radio remote control manufactured by defendant when the boom inadvertently engaged and crushed Darrow against the ground, resulting in serious injuries.  Consequently, Darrow and his wife, derivatively, commenced this action seeking to recover damages for his injuries asserting, among other things, claims based upon negligent design and manufacture, and strict products liability.  Prior to serving its answer, defendant moved to dismiss the complaint as against it for lack of personal jurisdiction.  Upon plaintiffs' cross motion, Supreme Court stayed the motion to dismiss in order to allow the parties to conduct limited discovery on the jurisdictional issue.  After the completion of such discovery, Supreme Court denied defendant's motion, finding that the exercise of long-arm jurisdiction over it was compatible with both CPLR 302 and due process.  Defendant now appeals and we affirm.[2]

In deciding whether an action may be maintained in New York against a nondomiciliary defendant, the court must first determine whether jurisdiction exists under New York's long-arm statute (see CPLR 302) based upon the defendant's contacts with this state; and, if it does, the court then determines "whether the exercise of such jurisdiction comports with due process" (LaMarca v Pak-Mor Mfg. Co., 95 NY2d 210, 214 [2000]; see Andrew Greenberg, Inc. v Sirtech Can., Ltd., 79 AD3d 1419, 1420 [2010]). The ultimate burden is on the plaintiff to demonstrate that such requirements have been met (see Goel v Ramachandran, 111 AD3d

---

[1]  According to Max Heckl, who served on the Board of Directors of both defendant and H-USA, those entities were "sister companies" which, at some point after the radio remote control at issue was sold, became wholly owned subsidiaries of defendant Hetronic International, Inc. and, later, of defendant Hetronic Holding, LLC.

[2]  Defendant was formerly known as defendant Hetronic Steuersysteme and, at some point, affected a change in name only. Hetronic Steuersysteme is also named as an appellant on the notice of appeal.

783, 788 [2013]; <u>Paterno v Laser Spine Inst.</u>, 112 AD3d 34, 39 [2013]).

Here, plaintiffs assert that defendant's conduct falls within the provisions of CPLR 302 (a) (3) (ii), which confers jurisdiction when a defendant commits a tortious act outside New York that causes injury to a person or property within the state and the defendant "expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce" (<u>Carpino v National Store Fixtures</u>, 275 AD2d 580, 581 [2000], <u>lv denied</u> 95 NY2d 769 [2000]).  Inasmuch as defendant has not refuted the evidence presented by plaintiffs demonstrating that defendant derives half of its revenue from export sales – including over €1 million in exports to the United States in 1997, when the remote control at issue was sold – the decisive issue here is whether plaintiffs met their burden of establishing that defendant should have reasonably foreseen that a defect in the manufacture of its radio remote controls would have consequences in New York, an inquiry designed to ensure that there is some link that would make it reasonable to require defendant to come to this state to answer for its tortious conduct (<u>see</u> <u>LaMarca v Pak-Mor Mfg. Co.</u>, 95 NY2d at 215).

The record reflects that defendant maintained an exclusive agreement with H-USA to distribute its products to various locations in the United States, including New York. Significantly, unchallenged evidence submitted by plaintiffs demonstrated that H-USA affected distribution to certain states in this country through a network of regional distributors, one of which was designated to serve the New York market.  Moreover, the website for defendant and other Hetronic companies, along with the interrelationship of the entities involved, demonstrates defendant's awareness of this network.  In view of such purposeful distribution arrangement, we agree with Supreme Court's conclusion that defendant sought to indirectly market its product in New York and, thus, should have reasonably expected a manufacturing defect to have consequences in this state (<u>see generally</u> <u>Kernan v Kurz-Hastings, Inc.</u>, 175 F3d 236, 242 [2d Cir 1999]; <u>Adams v Bodum Inc.</u>, 208 AD2d 450, 451 [1994]; <u>compare</u> <u>J. McIntyre Machinery, Ltd. v Nicastro</u>, 564 US ___, 131 S Ct 2780,

2792 [2011, Breyer, J., concurring] [no evidence of "something more" than simply placing a product in the stream of commerce]; Schaadt v T.W. Kutter, Inc., 169 AD2d 969, 970 [1991] [no evidence in the record of a discernible effort on behalf of the defendant to directly or indirectly serve the New York market]).

Based on the record before us, we likewise find that the exercise of jurisdiction over defendant is compatible with federal due process standards.  Generally, "a State may constitutionally exercise jurisdiction over non-domiciliary defendants, provided they had certain minimum contacts with [the forum State] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice" (LaMarca v Pak-Mor Mfg. Co., 95 NY2d at 216 [internal quotation marks and citations omitted]; see International Shoe Co. v Washington, 326 US 310, 316 [1945]; Perkow v Frank W. Winne & Sons, Inc., 36 AD3d 1189, 1190 [2007]; Allen v Marais, S.A., 307 AD2d 613, 614 [2003]).  The relevant inquiry is whether a defendant "purposefully avai[led] itself of the privilege of conducting activities within [New York], thus invoking the benefits and protections of its laws" (J. McIntyre Machinery, Ltd. v Nicastro, 131 S Ct at 2788 [internal quotation marks and citation omitted]).  Under the circumstances here, inasmuch as defendant targeted New York consumers through a network of distributors that rendered it likely that its products would be sold in New York, "it is not unreasonable to subject it to suit in [this state] if its allegedly defective merchandise has . . . been the source of injury to [a New York resident]" (World-Wide Volkswagen Corp. v Woodson, 444 US 286, 297 [1980]; accord LaMarca v Pak-Mor Mfg. Co., 95 NY2d at 216; see Allen v Marais, S.A., 307 AD2d at 614).  Defendant's remaining contentions have been examined and, to the extent they are properly before us, are found to be without merit.

Peters, P.J., Rose and Egan Jr., JJ., concur.

ORDERED that the order is affirmed, with costs.




ENTER:

Robert D. Mayberger
Clerk of the Court