Nowelle B. v Hamilton Med., Inc. (2019 NY Slip Op 06302)





Nowelle B. v Hamilton Med., Inc.


2019 NY Slip Op 06302


Decided on August 22, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 22, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, DEJOSEPH, CURRAN, AND WINSLOW, JJ.


610 CA 18-01950

[*1]NOWELLE B., INDIVIDUALLY, AND AS PARENT AND NATURAL GUARDIAN OF RYAN D.R., II, AN INFANT, PLAINTIFF-RESPONDENT,
v
HAMILTON MEDICAL, INC., ET AL., DEFENDANTS, AND HAMILTON MEDICAL, A.G., DEFENDANT-APPELLANT. 






LANDMAN CORSI BALLAINE & FORD, P.C., NEW YORK CITY (JAMES M. WOOLSEY, III, OF COUNSEL), FOR DEFENDANT-APPELLANT.
CHERUNDOLO LAW FIRM, PLLC, SYRACUSE (JOHN C. CHERUNDOLO OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 


 Appeal from an order of the Supreme Court, Onondaga County (Gregory R. Gilbert, J.), entered June 28, 2018. The order denied the motion of defendant Hamilton Medical, A.G. to dismiss the complaint against it. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this action against several defendants, including Hamilton Medical, A.G. (HMAG) and Hamilton Medical, Inc. (HMI), seeking damages for injuries sustained by her infant son after he suffered from bilateral pneumothoraxes that resulted in a severe brain injury. Plaintiff alleged that the child was on a ventilator, which was defectively designed or improperly manufactured by HMAG, and that the defective ventilator caused the child to suffer the bilateral pneumothoraxes. There is no dispute that HMAG is a Swiss corporation organized and existing under the laws of Switzerland with its principal place of business in Switzerland. HMAG designed and manufactured ventilators, which were sold in the United States by HMI, a wholly-owned subsidiary of HMAG that is organized and based in Nevada. HMAG appeals from an order that denied its motion pursuant to CPLR 3211 (a) (8) to dismiss the complaint against it based on lack of personal jurisdiction. We affirm.
"In determining whether the exercise of personal jurisdiction over a nondomiciliary defendant is proper, a court must assess whether the requirements of New York's long-arm statute have been met and, if so, whether a finding of personal jurisdiction comports with federal due process" (Williams v Beemiller, Inc., 159 AD3d 148, 152 [4th Dept 2018], affd — NY3d &mdash, 2019 NY Slip Op 03656 [2019]). "The conferral of jurisdiction under [CPLR 302 (a) (3) (ii)] rests on five elements: First, that defendant committed a tortious act outside the State; second, that the cause of action arises from that act; third, that the act caused injury to a person or property within the State; fourth, that defendant expected or should reasonably have expected the act to have consequences in the State; and fifth, that defendant derived substantial revenue from interstate or international commerce" (LaMarca v Pak-Mor Mfg. Co., 95 NY2d 210, 214 [2000]). Here, HMAG does not explicitly challenge Supreme Court's determination with respect to any of those five elements and, in any event, we conclude that plaintiff made the requisite prima facie showing that HMAG was subject to long-arm jurisdiction pursuant to CPLR 302 (a) (3) (ii) (see Halas v Dick's Sporting Goods, 105 AD3d 1411, 1412-1413 [4th Dept 2013]).
Having concluded that HMAG's relationship with New York comes within the terms of CPLR 302 (a) (3) (ii), we must next determine whether the exercise of personal jurisdiction comports with federal due process (see Williams, 159 AD3d at 152). "It is well established that [*2]the [e]xercise of personal jurisdiction under the long-arm statute must comport with federal constitutional due process requirements . . . First, a defendant must have minimum contacts with the forum state such that the defendant should reasonably anticipate being haled into court there . . . and, second, the maintenance of the suit against the defendant in New York must comport with traditional notions of fair play and substantial justice" (id. at 156 [internal quotation marks omitted]). We conclude that HMAG has the requisite minimum contacts with New York (cf. id. at 157-158). HMAG was formed in 1983 and HMI was formed a year later in 1984. Since that time, HMI has been the exclusive distributor of HMAG products in the United States. The sale of the ventilator at issue was not an isolated occurrence inasmuch as nine ventilators manufactured by HMAG were sold to the New York hospital that treated plaintiff's infant, and, in New York, HMAG's ventilators grossed sales of $522,000 from 2003 to 2005 and $928,000 from 2012 to 2014. Also of particular importance is the relationship between HMAG and HMI, i.e., HMI has only one shareholder: HMAG. Furthermore, HMAG provided marketing materials to HMI, held annual training for HMI employees, and shared an international website with HMI. The distributorship agreement between HMAG and HMI required that HMI market, sell, install, and service HMAG's products in the United States. HMAG offered a service desk contact that could be used by purchasers and end-users of the ventilators, or by an HMI servicer. End-users were provided with an operator's manual that included, inter alia, contact information for the manufacturer — HMAG. Under these circumstances, inasmuch as HMAG targeted New York consumers through a United States distributor that it owned and with which it shared, inter alia, executive leadership that "rendered it likely that its products would be sold in New York, it is not unreasonable to subject it to suit in [this state] if its allegedly defective merchandise has . . . been the source of injury to [a New York resident]" (Darrow v Hetronic Deutschland, 119 AD3d 1142, 1145 [3d Dept 2014] [internal quotation marks omitted]; see Halas, 105 AD3d at 1413).
We further conclude that the exercise of personal jurisdiction over HMAG comports with "traditional notions of fair play and substantial justice' " (LaMarca, 95 NY2d at 217, quoting Burger King Corp. v Rudzewicz, 471 US 462, 476 [1985]). Plaintiff is "a New York resident [whose infant] was injured in New York and may be entitled to relief under New York law" (id. at 218); it would be "orderly to allow plaintiff to sue all named defendants in New York" (id. at 218-219); and "[a] single action would promote the interstate judicial system's shared interests in obtaining the most efficient resolution of the controversy" (id. at 219). Thus, we conclude that, "[w]hen a company of [HMAG's] size and scope profits from sales to New Yorkers, it is not at all unfair to render it judicially answerable for its actions in [New York]" (id.).
Entered: August 22, 2019
Mark W. Bennett
Clerk of the Court