Sacco v Reel-O-Matic, Inc. (2020 NY Slip Op 02613)





Sacco v Reel-O-Matic, Inc.


2020 NY Slip Op 02613


Decided on May 6, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 6, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SHERI S. ROMAN
JEFFREY A. COHEN
LINDA CHRISTOPHER, JJ.


2018-11536
 (Index No. 51923/17)

[*1]Christopher Sacco, respondent,
v
Reel-O-Matic, Inc., et al., defendants, Go Industries, Inc., appellant.


Kaufman Borgeest & Ryan LLP, Valhalla, NY (Jacqueline Mandell and Rebecca A. Barrett of counsel), for appellant.
Goldstein & Goldstein, LLP, Poughkeepsie, NY (Paul J. Goldstein of counsel), for respondent.
Wilson Elser Moskowitz Edelman & Dicker LLP, New York, NY (Judy C. Selmeci, Scott H. Stopnik, Bernice E. Margolis, and Patrick Lawless of counsel), for defendant Reel-O-Matic, Inc.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant Go Industries, Inc., appeals from an order of the Supreme Court, Dutchess County (James V. Brands, J.), dated August 31, 2018. The order, insofar as appealed from, denied that defendant's motion pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against it for lack of personal jurisdiction.
ORDERED that the order is affirmed insofar as appealed from, with one bill of costs to the plaintiff payable by the appellant.
The plaintiff commenced this action against the defendant Go Industries, Inc. (hereinafter Go Industries), and others to recover damages for negligence, breach of warranty, and strict liability, alleging that he was injured while using a wire spool stored in a reel-rack that was manufactured by Go Industries. Go Industries moved pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against it for lack of personal jurisdiction. The plaintiff opposed Go Industries' motion. By order dated August 31, 2018, the Supreme Court, inter alia, denied Go Industries' motion. Go Industries appeals from so much of the order as denied its motion.
The conferral of long-arm jurisdiction under CPLR 302(a) "rests on five elements: First, that defendant committed a tortious act outside the State; second, that the cause of action arises from that act; third, that the act caused injury to a person or property within the State; fourth, that defendant expected or should reasonably have expected the act to have consequences in the State; and fifth, that defendant derived substantial revenue from interstate or international commerce" (LaMarca v Pak-Mor Mfg. Co., 95 NY2d 210, 214). The party seeking to assert personal jurisdiction bears the ultimate burden of proof to establish a basis for such jurisdiction (see America/Intl. 1994 Venture v Mau, 146 AD3d 40, 51). "However, to successfully oppose [a motion to dismiss for lack [*2]of personal jurisdiction], the plaintiff need only make a prima facie showing that the defendant was subject to the personal jurisdiction of the court" (id. at 51).
Go Industries does not dispute the applicability to it of the first three long-arm elements. The fourth long-arm element "is met when [t]he nonresident tortfeasor . . . expect[s], or ha[s] reason to expect, that his or her tortious activity in another State will have direct consequences in New York'" (LaMara v Pak-Mor Mfg. Co., 95 NY2d at 214 [emphasis omitted], quoting Ingraham v Carroll, 90 NY2d 592, 598).
In this case, this fourth element was met through evidence from Go Industries' website that supports the conclusion that it was foreseeable that persons in New York would be purchasing its products through its distribution network and using Go Industries' products nationwide, including in New York (see Darrow v Hetronic Deutschland, 119 AD3d 1142, 1144; Halas v Dick's Sporting Goods, 105 AD3d 1411, 1412; Grimaldi v Guinn, 72 AD3d 37, 48).
The fifth element "is designed to narrow the long-arm reach to preclude the exercise of jurisdiction over nondomiciliaries who might cause direct, foreseeable injury within the State but whose business operations are of a local character" (LaMarca v Pak-Mor Mfg. Co., 95 NY2d at 215 [internal quotation marks omitted]). This element is construed as a comparison between a defendant's gross sales revenue from interstate or international business with total gross sales revenue (see Allen v Canadian Gen. Elec. Co., 65 AD2d 39, 41, affd 50 NY2d 935, citing Allen v Auto Specialties Mfg. Co., 45 AD2d 331, 333). In this case, the evidence of revenue offered by Go Industries was limited to a conclusory assertion that Go Industries "does not derive substantial revenue from the sales of any products within New York State" and "merely derived only approximately 1.5% [of its total revenue] from international exports." Upon the present record, Go Industries as the movant has failed to establish that its gross sales revenue from interstate or international business was not sufficient to support long-arm jurisdiction (see Allen v Canadian Gen. Elec. Co., 65 AD2d at 42-43).
Based on the above, we agree with the Supreme Court's determination that Go Industries did not establish that long-arm jurisdiction under CPLR 302 is inapplicable. However, that does not end our inquiry, because a New York court may not exercise personal jurisdiction over a non-domiciliary unless two requirements are satisfied: the action is permissible under the long-arm statute (see CPLR 302) and the exercise of jurisdiction comports with due process (see LaMarca v Pak-Mor Mfg. Co., 95 NY2d at 214). If either the statutory or constitutional prerequisite is lacking, the action may not proceed (see Williams v Beemiller, Inc., 33 NY3d 523, 528).
With respect to due process, "[a] non-domiciliary tortfeasor has minimum contacts with the forum State . . . if it purposefully avails itself of the privilege of conducting activities within the forum State" (LaMarca v Pak-Mor Mfg. Co., 95 NY2d at 216 [internal quotation marks omitted]), "thus invoking the benefits and protections of [the forum state's] laws" (Hanson v Denckla, 357 US 235, 253 [1958]; see Williams v Beemiller, Inc., 33 NY3d at 528). This test envisions something more than the " fortuitous circumstance'" that a product sold in another state later makes its way into the forum jurisdiction through no marketing or other effort of defendant (Williams v Beemiller, Inc., 33 NY3d at 528, quoting World-Wide Volkswagen Corp. v Woodson, 444 US 286, 295). In this case, Go Industries' website presented Go Industries as a manufacturer of premium products that could be bought from national retailers, both online and through at least one store located in New York state. This evidence was sufficient to satisfy due process requirements (see Archer-Vail v LHV Precast Inc., 168 AD3d 1257, 1261-1262; Darrow v Hetronic Deutschland, 119 AD3d at 1144; Halas v Dick's Sporting Goods, 105 AD3d at 1412).
Therefore, we agree with the Supreme Court's denial of Go Industries' motion pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against it for lack of personal jurisdiction.
CHAMBERS, J.P., ROMAN, COHEN and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court