Matter of New York City Asbestos Litig. (2022 NY Slip Op 03702)

Matter of New York City Asbestos Litig.

2022 NY Slip Op 03702

Decided on June 07, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 07, 2022

Before: Gische, J.P., Webber, Singh, González, Pitt, JJ. 

Index No. 190246/19 Appeal No. 16097 Case No. 2021-04698 

[*1]In the Matter of New York City Asbestos Litigation.
George Seger, III, et al., Plaintiffs-Respondents,
Amchem Products, Inc., etc., et al., Defendants, Crosby Valve LLC, Defendant-Appellant.

McElroy, Deutsch, Mulvaney & Carpenter, LLP, New York (Nancy Mahoney of counsel), for appellant.
Weitz & Luxenberg, P.C., New York (Jason P. Weinstein of counsel), for respondents.

Order, Supreme Court, New York County (Adam Silvera, J.), entered June 2, 2021, which denied defendant Crosby Valve LLC's motion to dismiss the complaint as against it for lack of specific personal jurisdiction, unanimously reversed, on the law, without costs, and defendant's motion granted. The Clerk is directed to enter judgment dismissing the complaint as against Crosby.
George Seger, III and his wife, Ann Seger (collectively, plaintiffs) allege that George developed colon cancer as the result of being exposed to asbestos during his military service aboard USS Hepburn between 1976 and 1980. USS Hepburn was in drydock in San Francisco, California, for about two of those roughly four years, during which time George was responsible for standing watch as workers replaced the boilers in the ship's boiler and engine rooms. Plaintiffs allege that the boilers used asbestos-insulated valves manufactured by Crosby, that the installation of the boilers generated a significant amount of asbestos-laden dust, and that plaintiff inhaled that dust, causing his cancer.
Plaintiffs failed to present sufficient evidence to demonstrate personal jurisdiction in opposition to Crosby's motion to dismiss for lack of personal jurisdiction (see Coast to Coast Energy, Inc. v Gasarch, 149 AD3d 485, 486 [1st Dept 2017]). Their theory, pursuant to CPLR 302(a)(1), is that Crosby manufactured valves containing asbestos; Crosby sold those asbestos-containing valves to nonparty Combustion Engineering, Inc. (CEI); at the time that Crosby sold CEI its asbestos-containing valves, CEI had its principal place of business in New York; CEI sold its boilers, with Crosby's asbestos-containing valves, to the U.S. Navy and the Navy installed one of CEI's boilers, with Crosby's asbestos-containing valves, on USS Hepburn while George was stationed aboard and as he stood watch.
CPLR 302(a)(1) requires a two-pronged jurisdictional inquiry; the first inquiry is whether defendant conducted sufficient activities to have transacted business within the state; the second inquiry is whether plaintiff's claims arise from the transactions (Al Rushaid v Pictet & Cie, 28 NY3d 316, 323 [2016]; Wilson v Dantas, 128 AD3d 176 [1st Dept 2015], affd 29 NY3d 1051, 1052 [2017]). The primary focus of a specific jurisdiction inquiry is the defendant's relationship to the forum state (Bristol-Myers Squibb Co. v Superior Court of Cal., US , 137 S Ct 1773, 1779 [2017]). Only if the lawsuit arises out of or relates to the defendant's contacts with New York, and there is an affiliation between New York and the underlying controversy, can a New York court then exercise specific jurisdiction over the defendant (Bristol-Myers Squibb Co., 137 S Ct at 1780). There must be a "substantial relationship between the transaction and the claim asserted" (Al Rushaid, 28 NY3d at 329 [internal quotation marks and ellipsis omitted]). Even though a strict causal relationship is not necessary (Ford Motor Co. v Montana Eighth Judicial [*2]Dist. Court, US , 141 S Ct 1017, 1026 [2021]), there must be an "articulable nexus" with the defendant's transactions within this state (D & R Glob. Selections, S.L. v Bodega Olegario Falcon Pineiro, 29 NY3d 292, 298-299 [2017]). If both those prongs are satisfied, then there is further inquiry to determine whether the exercise of personal jurisdiction comports with traditional notions of fair play, substantial justice, and due process (see e.g. International Shoe Co. v Washington, 326 US 310, 316 [1945]).
Crosby was incorporated and had its principal place of business in Massachusetts from 1874 to 1998. It became a Nevada limited liability company in 1999 and had its principal place of business in Texas since 1998. At no time did Crosby own or maintain any facilities or corporate activities in New York. While there is evidence that Crosby manufactured valves that contained asbestos, plaintiffs submitted no evidence that Crosby sold its asbestos-containing valves to CEI at any point in time. Moreover, although it was judicially determined, as late as 1969, that CEI was headquartered in New York (see United Nuclear Corp. v Combustion Eng'g, Inc., 302 F Supp 539, 540 [ED Pa 1969]), there is no evidence of where CEI was headquartered at the time that Crosby allegedly sold its asbestos-containing valves to CEI.
Nor is there any evidence that CEI sold its boilers to the Navy. Plaintiffs submitted an August 11, 1975, work order from the Commander, Naval Ship Engineering Center, that recommended approving alterations to "CE Main Boilered Ships," "CE" presumably referring to CEI. However, in an October 29, 1975, work order, the Commander opined that a proposal to replace certain tube elements in CEI boilers "serve[d] no useful purpose." Even if those documents were in admissible form, they would not avail plaintiffs, since they do not establish that CEI sold its boilers to the Navy at any point in time. Similarly, the documents do not show the work that took place on USS Hepburn, when it took place, or the equipment that was used, i.e., whether it was CEI boilers and Crosby valves or some other brand of boiler or valve.
Thus, there is no evidence that Crosby transacted sufficient business in the state or that plaintiffs' claims have any nexus to activity Crosby conducted in New York. Plaintiffs also failed to show that facts might exist that would establish specific personal jurisdiction over Crosby in this case and that therefore they should be permitted jurisdictional discovery (see Peterson v Spartan Indus., 33 NY2d 463, 466-467 [1974]). In particular, they did not show that such facts are within Crosby's exclusive control (see id. at 466). CEI must possess evidence of its own corporate status at the times relevant to this case and that evidence could even have been obtained from the New York State Secretary of State. Crosby presumably has records as to whom it sold its boilers, but doubtless CEI has that evidence as well. Both CEI and the Navy [*3]also should have records of any transactions between them, and the Navy should have records of the equipment that was installed on its ships and when it was installed. Nevertheless, plaintiffs neither produced any of this evidence nor explained their failure or inability to do so.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 7, 2022