People v JUUL Labs, Inc. (2023 NY Slip Op 00040)

People v JUUL Labs, Inc.

2023 NY Slip Op 00040

Decided on January 05, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 05, 2023

Before: Renwick, J.P., Gesmer, Kennedy, Scarpulla, Pitt-Burke, JJ. 

Index No. 452168/19 Appeal No. 17027 Case No. 2022-03188 

[*1]The People of the State of New York,by Letitia James, Attorney General of the State of New York, Plaintiff-Respondent,
v
JUUL Labs, Inc., et al., Defendants, James Monsees et al., Defendants-Appellants.

Cohen & Gresser LLP, New York (Jason Brown of counsel), and McGuire Woods LLP, Washington DC, (Jonathan Y. Ellis of bar of the State of North Carolina and District of Columbia, admitted pro hac vice, of counsel), for appellants.
Letitia James, Attorney General, New York (Dennis Fan of counsel), for respondent.

Order, Supreme Court, New York County (Margaret Chan, J.), entered July 14, 2022, which, to the extent appealed from, denied defendants James Monsees and Adam Bowen's (together, defendants) separate motions to dismiss the amended complaint against them for lack of personal jurisdiction and as time-barred, unanimously affirmed, without costs.
The People commenced this action on November 19, 2019, against defendant JUUL Labs, Inc. (JUUL), alleging that JUUL's marketing and sales of its electronic cigarettes constitute deceptive and illegal practices, and contributed to a statewide public health crisis. On May 6, 2021, the People amended the complaint to add, among others, defendants, who, at all relevant times, were corporate officers of JUUL and allegedly were involved in, and approved of, JUUL's marketing strategies. As relevant to this appeal, the amended complaint asserts, as against defendants, causes of action pursuant to General Business Law §§ 349 and 350, for deceptive acts and practices and for false advertising, respectively; pursuant to Executive Law § 63(12), for repeated and persistent fraud and illegal conduct in violation of General Business Law §§ 349 and 350 and section 5 of the Federal Trade Commission Act (15 USC § 45); and, for public nuisance.
In opposition to defendants' motions to dismiss, the People submitted internal emails and reports demonstrating, among other things, that defendants traveled to New York City for investment meetings in December 2014 and in 2015; that defendants personally attended JUUL's launch party in New York City in June 2015; at around that time, JUUL also sought to arrange in-person meetings between defendants and both "New York targets" and broadcast media organizations; and, that defendants and JUUL considered the New York City launch to have been a success.
The record also establishes that defendants were involved in marketing strategy, which included, among other things, months of events in New York; identifying New York as the target of JUUL's northeastern U.S. marketing efforts, at and after launch; advertising on billboards in Times Square; hosting in-store product samplings at New York vape shops and social events; and escalating marketing efforts in the New York City metropolitan area post-launch. After New York proved to be a substantial market for JUUL's product, defendants went so far as to describe the efforts as "NYC takeover" and to declare that New York City users should be "the focus of [JUUL's] branding/marketing."
This evidence establishes that defendants conducted sufficient in-person activities within New York State related to the People's claims against them in this action, and sufficiently supports the exercise of specific personal jurisdiction over them pursuant to CPLR 302(a)(1) (see generally Matter of New York City Asbestos Litig., 206 AD3d 442, 443-444 [1st Dept 2022]). Accordingly, we need not consider whether specific personal jurisdiction may be exercised over them [*2]pursuant to CPLR 302(a)(1) based on their activities through an agent, i.e., JUUL (see generally Kreutter v McFadden Oil Corp., 71 NY2d 460 [1988]), or pursuant to CPLR 302(a)(2) or (3).
Exercising specific personal jurisdiction over defendants in this matter also comports with federal constitutional due process requirements. States may constitutionally exercise specific personal jurisdiction over nondomiciliaries who (1) have certain minimum contacts with the forum State such that (2) the maintenance of the suit does not offend traditional notions of fair play and substantial justice (LaMarca v Pak-Mor Mfg. Co., 95 NY2d 210, 216 [2000]; see Ford Motor Co. v Montana Eighth Judicial Dist. Court, 592 US ___, ___, 141 S Ct 1017, 1024 [2021]; International Shoe Co. v State of Washington, 326 US 310, 316 [1945]; Williams v Beemiller, Inc., 33 NY3d 523, 528 [2019]). As for minimum contacts, defendants' physical presence in New York State was "not simply an isolated occurrence, but [arose] from [their] efforts . . . to serve[,] directly or indirectly, the market for [JUUL's] product" in the state (World-Wide Volkswagen Corp. v Woodson, 444 US 286, 297 [1980]). Defendants also participated in a marketing strategy to inject JUUL's products "into the stream of commerce with the expectation that they . . . be purchased by consumers" in New York (id. at 297-298) — indeed, the record establishes that New Yorkers' purchase of JUUL's product was the very goal of that marketing strategy. Moreover, New York State's interests in this case, and the People's interest in obtaining relief, outweigh the burden that exercising specific personal jurisdiction over defendants imposes on them (see LaMarca at 218, quoting Asahi Metal Indus. Co. v Superior Ct. of Cal., 480 US 102, 113 [1987]). Further, defendants — who the record establishes purposefully directed their and JUUL's activities at New York State residents — have not presented a compelling case that some other consideration renders specific personal jurisdiction unreasonable in New York (see LaMarca at 217-218).
Defendants' motions were also properly denied insofar as they sought to dismiss the amended complaint as against them as time barred pursuant to CPLR 3211(a)(5). The Executive Law § 63(12) claims are subject to a six-year statute of limitations, as provided for in CPLR 213(9). We reject their argument that the 2019 amendment to CPLR 213 which added subsection 9 (L 2019, ch 184) should not be applied retroactively, and disagree with their reliance on People v Credit Suisse Sec. (USA) LLC (31 NY3d 622 [2018])(see People v Allen, 198 AD3d 531 [1st Dept 2021], appeal dismissed, lv dismissed 38 NY3d 996 [2022], appeal dismissed, lv denied 39 NY3d 928 [2022]). The People adequately plead a continuing public nuisance claim by alleging that defendants have continued to participate in the marketing of Juul's products deceptively and fraudulently, and to youth (see generally Henry v Bank of Am., 147 AD3d 599, 601-602 [*3][1st Dept 2017]). The damages that may be recovered for the harm caused during the three years prior to the commencement of the action is a matter for trial (see State of New York v Schenectady Chems., 103 AD2d 33, 37-38 [3d Dept 1984]; Kearney v Atlantic Cement Co., 33 AD2d 848, 849 [3d Dept 1969]). Regarding the General Business Law §§ 349 and 350 claims, the motion court correctly concluded that defendants are bound by the tolling agreement into which JUUL entered with the People (see Johnson v Proskauer Rose, LLP, 2014 NY Slip Op 30262[U], *19-22 [Sup Ct, NY County 2014], affd 129 AD3d 59 [1st Dept 2015]), and related the People's claims against defendants in the amended complaint back to those in the initial complaint against JUUL (see generally Buran v Coupal, 87 NY2d 173, 178 [1995]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 5, 2023