People v Trump (2023 NY Slip Op 03440)

People v Trump

2023 NY Slip Op 03440

Decided on June 27, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 27, 2023

Before: Webber, J.P., Singh, Kennedy, Scarpulla, Pitt-Burke, JJ. 

Index No. 452564/22 Appeal No. 553 Case No. 2023-00717 

[*1]People of the State of New York, by Letitia James, Attorney General of the State of New York, Plaintiff-Respondent,
v
Donald J. Trump et al., Defendants-Appellants.

Habba Madaio & Associates, New York (Alina Habba of counsel), and Continental PLLC, Tallahassee, FL (Christopher M. Kise of the bar of the State of Florida, admitted pro hac vice, of counsel), for Donald J. Trump, Allen Weisselberg, Jeffrey McConney, Donald Trump, Jr., Eric Trump, The Trump Organization, Inc., Trump Organization LLC, The Donald J. Trump Revocable Trust, DJT Holdings LLC, DJT Holdings Managing Member LLC, Trump Endeavour 12 LLC, 401 North Wabash Venture LLC, Trump Old Post Office LLC, 40 Wall Street LLC and Seven Springs LLC, appellants.
Troutman Pepper Hamilton Sanders LLP, New York (Bennet J. Moskowitz of counsel), for Ivanka Trump, appellant.
Letitia James, Attorney General, New York (Judith N. Vale of counsel), for respondent.

Order, Supreme Court, New York County (Arthur F. Engoron, J.), entered January 9, 2023, which denied defendants' respective motions to dismiss the complaint, unanimously modified, on the law, to dismiss, as time-barred, the claims against defendant Ivanka Trump and the claims against the remaining defendants to the extent they accrued prior to July 2014 (with respect to those defendants subject to the August 2021 tolling agreement) and February 2016 (with respect to those defendants not subject to the August 2021 tolling agreement), and to modify the caption to reflect that Donald J. Trump, Jr., is sued both personally and in his capacity as trustee for the Donald J. Trump Revocable Trust, and otherwise affirmed, without costs.
The New York Legislature enacted Executive Law § 63(12) to combat
fraudulent and illegal commercial conduct in New York. Under this provision, "[w]henever any person shall engage in repeated fraudulent or illegal acts or otherwise demonstrate persistent fraud or illegality in the carrying on, conducting or transaction of business, the attorney general may apply, in the name of the people of the state of New York, to the supreme court of the state of New York" for disgorgement and other equitable relief (Executive Law § 63[12]). The Attorney General is not suing on behalf of a private individual, but is vindicating the state's sovereign interest in enforcing its legal code — including its civil legal code — within its jurisdiction (see Alfred L. Snapp & Son, Inc. v Puerto Rico ex rel. Barez, 458 US 592, 601 [1982]; see also People v Coventry First LLC, 52 AD3d 345, 346 [1st Dept 2008] [finding that claims including a claim under Executive Law § 63(12) "constituted proper exercises of the State's regulation of businesses within its borders in the interest of securing an honest marketplace"], affd 13 NY3d 108 [2009]). We have already held that the failure to allege losses does not require dismissal of a claim for disgorgement under Executive Law § 63(12) (see People v Ernst & Young LLP, 114 AD3d 569, 569-570 [1st Dept 2014]). Finally, in authorizing the Attorney General to sue for any repeated or persistent fraud or illegality, the Legislature necessarily "invested that party with authority to seek relief in court" (Matter of World Trade Ctr. Lower Manhattan Disaster Site Litig, 30 NY3d 377, 384 [2017]; see Silver v Pataki, 96 NY2d 532, 537-538 [2001]).
Defendants' arguments that the Executive Law § 63(12) claims are governed by a three-year limitations period are unavailing (see CPLR 213[9]). We have already found that CPLR 213(9) applies retroactively (Matter of People v JUUL Labs, Inc., 212 AD3d 414, 416-417 [1st Dept 2023]). We reject defendants' invitation to reconsider our decision that retroactive application is inconsistent with certain decisions of the Court of Appeals (see id. at 416; People v Allen, 198 AD3d 531, 532 [1st Dept 2021], lv dismissed 38 NY3d 996 [2022], lv denied, appeal dismissed 39 NY3d 928 [2022[*2]]). We also find that retroactive application of CPLR 213(9) — enabling the Attorney General to continue lengthy and complex investigations, which often cannot begin until years after the conduct at issue, and which may have been extended in reliance on the six-year statute of limitations — was a reasonable measure to address an injustice (see World Trade Ctr., 30 NY3d at 399-400; PB-36 Doe v Niagara Falls City Sch. Dist., 213 AD3d 82, 84-85 [4th Dept 2023]; cf. Brothers v Florence, 95 NY2d 290, 299-300 [2000] [describing necessity of retroactive application of legislation shortening statute of limitations in response to judicial decision]).
Similarly, we decline to reconsider our decisions finding that certain executive orders tolled statutes of limitations during the pandemic (see Murphy v Harris, 210 AD3d 410, 411 [1st Dept 2022]), and that this toll was properly authorized (Brash v Richards, 195 AD3d 582, 584-585 [1st Dept 2021]).
Applying the proper statute of limitations and the appropriate tolling, claims are time barred if they accrued — that is, the transactions were completed — before February 6, 2016 (see Boesky v Levine, 193 AD3d 403, 405 [1st Dept 2021]; Rogal v Wechsler, 135 AD2d 384, 385 [1st Dept 1987]). For defendants bound by the tolling agreement, claims are untimely if they accrued before July 13, 2014. The continuing wrong doctrine does not delay or extend these periods (see CWCapital Cobalt VR Ltd. v CWCapital Invs. LLC, 195 AD3d 12, 19-20 [1st Dept 2021]; Henry v Bank of Am., 147 AD3d 599, 601-602 [1st Dept 2017]). We leave Supreme Court to determine, if necessary, the full range of defendants bound by the tolling agreement. The record before us, however, indicates that defendant Ivanka Trump was no longer within the agreement's definition of "Trump Organization" by the date the tolling agreement was executed (see Johnson v Proskauer Rose, LLP, 2014 NY Slip Op 30262[U], *19-22 [Sup Ct, NY County 2014], affd 129 AD3d 59 [1st Dept 2015]). The allegations against defendant Ivanka Trump do not support any claims that accrued after February 6, 2016. Thus, all claims against her should have been dismissed as untimely.
Plaintiff has provided evidence that defendants Donald J. Trump Revocable Trust, DJT Holding, Managing Member, Trump Endeavor 12 LLC, and 401 North Wabash Venture LLC have their principal place of business in New York (see Cruz v City of New York, 210 AD3d 523, 524 [1st Dept 2022] ["General jurisdiction exists over a corporate entity only in the state(s) in which it is incorporated and has its principal place of business"]; see also Ford Motor Co. v Montana Eighth Jud. Dist. Ct., 141 S Ct 1017,1024 [2021]; compare Chufen Chen v Dunkin' Brands, Inc., 954 F3d 492, 500 [2d Cir 2020]). Thus, plaintiff has made a "sufficient start" in demonstrating personal jurisdiction over these defendants (see Matter of James v iFinex Inc., 185 AD3d 22, 30 [1st Dept 2020]). Although the Trust should have been sued through its trustees[*3](see e.g. Liveo v Hausman, 61 Misc 3d 1043, 1044-1045 [Sup Ct, Kings County 2018]), the record indicates that the sole trustee is a defendant in this case and has been fully able to represent the Trust's interests. Thus, relief for this error should be limited to amending the caption (see Harlem 2201 Group LLC v Ahmad, 2018 NY Slip Op 30588[U], *44 [Sup Ct, New York County 2018]; see also Matter of People v Leasing Expenses Co. LLC, 199 AD3d 521, 522 [1st Dept 2021] [affirming relief under Executive Law § 63(12) against family trusts and trustees, where the defendants were trustees in their capacity as such]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 27, 2023